Jack Silver, *pro hac vice*
Law Office of Jack Silver
California State Bar No. 60575
708 Gravenstein Hwy North, Suite 407
Sebastopol, CA 95472-2808
JsilverEnvironmental@gmail.com
(707) 528-8175
(707) 829-0934 (fax)

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature page]*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRIGHAM J. BOWEN
Assistant Branch Director

GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 616-8470
E-mail: giselle.barcia@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| The Church of the Eagle and the Condor, *et al*, <br><br>                    Plaintiffs, <br>         v. <br><br> Merrick Garland, *et al.*, <br><br>                    Defendants. | **Case No. 2:22-cv-01004-PHX-SRB** <br><br> **Joint Case Management Report** |

## 1.  DATE AND ATTENDEES OF RULE 26(F) CONFERENCE

The Rule 26(f) meeting was held on April 7, 2023, via teleconference line supplied by Defendants' counsel. Plaintiffs' counsel Jack Silver, Gilbert Paul Carrasco, Sean T. McAllister, and Martha J. Hartney attended. Plaintiffs' and Defendants' counsel below assisted with the development of this Case Management Report:

For Plaintiffs ("Plaintiffs"):

Jack Silver
Law Office of Jack Silver
708 Gravenstein Hwy N, Ste. 407
Sebastopol, CA 95472-2808
Tel.: 707-528-8175
Fax: 707-829-0934
E-mail: lhm28843@sbcglobal.net
E-mail: jsilverenvironmental@gmail.com>

Gilbert Paul Carrasco, Professor *Emeritus*
Willamette University College of Law
c/o 900 Pacific Coast Highway, Suite 305
Huntington Beach, CA 92648
Tel.: 503-990-4879
E-mail: carrasco@willamette.edu

Ismail L Ali
1530 Campus Dr.
Berkeley, CA 94708
Tel.: 559-801-7317
E-mail: lourido.ali@gmail.com

Martha J Hartney
Hartney Law LLC
4450 Arapahoe Ave.
Boulder, CO 80303
Tel.: 303-747-3909
Fax: 303-835-7199
E-mail: martha@hartneylaw.com

Sean T McAllister
McAllister Law Office PC
4035 E 3rd Ave.

Denver, CO 80220
Tel.: 720-448-6235
E-mail: sean@mcallisterlawoffice.com

For Defendants ("Defendants"):

Giselle Barcia
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 616-8470
E-mail: giselle.barcia@usdoj.gov

## 2. PARTIES

**a.  Plaintiff Parties**

   i.     THE CHURCH OF THE EAGLE AND THE CONDOR, an Arizona Religious Corporation, on its own behalf and on behalf of its members;

   ii.    JOSEPH TAFUR, M.D., Individually and as Spiritual Leader of The Church of the Eagle and the Condor;

   iii.   BELINDA ERIACHO, M.P.H.,

   iv.    KEWAL WRIGHT,

   v.     BENJAMAN SULLIVAN, and

   vi.    JOSEPH BELLUS.

**b.  Defendant Parties**

   i.     MERRICK GARLAND, Attorney General of the United States;

   ii     ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security;

   iii.   ANNE MILGRAM, Administrator, U.S. Drug Enforcement Administration; and

   iv.    TROY A. MILLER, Acting Commissioner, U.S. Customs and Border

Protection (note substitution of defendant from former Commissioner CHRISTOPHER MAGNUS under Federal Rule of Civil Procedure 25(d)).

Plaintiffs do not anticipate the addition or elimination of any other entity or parent corporation or agency at the time of this report.

## 3.  STATEMENT OF THE NATURE OF THE CASE

**a.    Plaintiffs:**

Plaintiffs the Church of the Eagle and the Condor (CEC), Joseph Tarfur, Belinda Eriacho, Kewal Wright, Benjamin Sullivan, and Joseph Bellus filed this suit in June 2022 against Defendants Merrick Garland, Attorney General of the United States, Alejandro Mayorkas, Secretary of DHS, Anne Milgram, DEA Administrator, and Christopher Magnus, then-Commissioner of CBP. Compl. ¶¶ 1, 16-24 (Doc. 1).

CEC alleges it is "a religion rooted in Indigenous spirituality whose essential sacrament is the holy tea, *ayahuasca*." *Id.* ¶ 16; *see id.* ¶ 2 ("The Church is a religious community dedicated to the spiritual reunification of humanity in fulfillment of the Prophesy of the Eagle and the Condor."). According to the allegations in the Complaint, "*ayahuasca* tea, which is a mixture of two sacred plants," has been "used for thousands of years by Indigenous people in South America in accordance with ancestral culture." *Id.* ¶ 2. CEC also alleges that "*ayahuasca* is a sacred being, which is referred to as Grandmother *Ayahuasca*, a Divine Spirit of Nature." *Id.* As alleged in the Complaint, CEC is based in Phoenix, Arizona. According to the Complaint "*Ayahuasca* is made from the woody material of the *ayahuasca* vine (*banisteriopsis caapi*) and the *chacruna* leaf (*psychotria virdis*)." *Id.* ¶ 25.   According to the Complaint "the *P. virdis* plant that is used to make *ayahuasca* contains trace amounts of N,N-dimethyltryptamine (DMT)," which is a Schedule I controlled substance under the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See id.* Ayahuasca is a decoction made from two plants, Banisteriopsis caapi, which does not contain any scheduled substance, and Psychotria viridis, which contains trace amounts of dimethyltryptamine (DMT), a Schedule I controlled substance under the

Controlled Substances Act, 21 U.S.C. § 801 *et seq. See id.* ¶¶ 16, 25. Neither plant is scheduled under the CSA. Plaintiff Joseph Tafur acts as "Spiritual Leader" of CEC as well as "ceremonialist for the ayahuasca ceremony." *Id.* ¶¶ 1, 42. Other Plaintiffs include a member of the CEC Board of Directors and three additional CEC members. *Id.* ¶¶ 16-19, 44, 77.

This case arises from the allegations that in September 2020, CBP "interdicted *ayahuasca* being sent" to Plaintiffs from "Peru through the Port of Los Angeles." *Id.* ¶ 50. The Complaint states that Tafur "received a small, approximately 3" x 2.5" note displaying the [DHS] seal and the following text":

> Notice: Narcotics and/or other contraband prohibited from entry into the United States, have been seized and removed for appropriate action under 19CFR145.509. You will be receiving correspondence from our Fines, Penalties and Forfeitures Branch in the near future.

*Id.* Plaintiffs state there was "no further correspondence" following receipt of the alleged note. *Id.* ¶ 52. In February 2023, a second shipment of the Church's ayahuasca was seized and another notice was placed inside the shipping container identical to the notice as stated in the Complaint. Comp. Doc. 1. The Complaint alleges that the Church has only been able to receive one package of its sacrament since 2020 and has been substantially burdened in the practice of its religion, the central tenet of which is the religious use of *ayahuasca*.

Plaintiffs filed this action asserting claims under the Constitution, the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1(c), and the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). *Id.* ¶¶ 63-83. As its principal form of relief, Plaintiffs ask this Court for an injunction ordering "Defendants to permit Plaintiffs' importation, use, preparation of, and distribution . . . of . . . *ayahuasca* tea . . . and enjoining Defendants from arresting, prosecuting, or threatening Plaintiffs and members . . . with arrest, prosecution, and/or imprisonment." *Id.* ¶ 89.

Defendants moved to dismiss the RFRA claim and constitutional claims (Doc. 23), and this Court granted that motion in part, dismissing the six constitutional claims (Doc. 26). Before this Court remain the RFRA claim and the two FOIA claims.

**b.    Defendants:**

Defendants write separately simply to note that the veracity of Plaintiffs' allegations relating to their RFRA claims, including new allegations that do not appear in the operative complaint, will be subject to development in discovery.

## 4.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343 (3)-(4) because this case arises under the Religious Freedom Restoration Act, 42 U.S.C. § 2000-bb-1(c), and the Freedom of Information Act, 5 U.S.C. § 522(a)(4)(B).

## 5.  PARTIES WHICH HAVE NOT BEEN SERVED

There are no parties in this case which have not yet been served, nor parties who have been served but have not answered or otherwise appeared.

## 6.  STATEMENT AS TO ADDITIONAL PARTIES

The parties do not anticipate the addition of any additional parties at the time of this report.  The parties also do not anticipate otherwise amending the pleadings.

## 7.    CONTEMPLATED MOTIONS AND ISSUES TO BE DECIDED

**a.    Plaintiffs:**

i.      Plaintiffs plan to file a Motion for Partial Summary Judgment on its prima facie case. Under RFRA, Plaintiff has the initial burden of proving that its religious exercise is sincere and is being burdened by the government's action. In that motion, we will provide facts and evidence more than sufficient to prove the prima facie

case such that this court may properly turn its attention to the subsequent question of whether government's absolute prohibition of ayahuasca for this Plaintiff is narrowly tailored to achieve a compelling state interest.

ii.     Plaintiff will file a motion for summary judgment after expert discovery has been completed as to all remaining issues. Plaintiff believes Defendants will produce witnesses to testify that ayahuasca is a dangerous drug and that its complete prohibition is the only way to protect public health and safety and to prevent diversion.

iii.     Plaintiffs anticipate filing motions in limine as well as *Daubert* motions for these witnesses.

iv.     Because of the impasse between Plaintiffs and Defendants on this issue, the parties are presenting alternatives for the consideration of the Court. As noted in Paragraph 10 below, Plaintiffs may file motions to compel production of documents based on the Defendants' extreme dilatoriness in answering Plaintiffs' FOIA requests. Defendants' position is that discovery is not appropriate concerning Plaintiffs' FOIA claims. Plaintiffs disagree. Defendant believes that Plaintiffs' suggestion of a potential "motion to compel" regarding documents sought through FOIA is misplaced. Plaintiffs disagree. The parties anticipate engaging in the standard FOIA process to narrow the issues, develop a production schedule for processing of documents, and, after documents have been processed, potentially proceeding to summary judgment briefing if any issues remain concerning withholdings made under FOIA's exemption framework.  Plaintiff reserves the right to pursue a motion to compel as may be legally appropriate on the FOIA claims. Defendants' position is that the FOIA claims should proceed independently from the RFRA claims, and outside of the discovery schedule. Plaintiffs disagree.

b.  **Defendants:**

i.     Defendants anticipate moving for summary judgment on the RFRA claim after the conclusion of discovery.  Defendants disagree with Plaintiffs' suggestion that a bifurcated summary judgment would appropriately and efficiently present the

7

issues for judicial resolution.  Most notably, discovery will bear on issues relevant to both of Plaintiffs' suggested motions.  Therefore, a single set of briefs filed as to the RFRA claim following the end of expert discovery, in the ordinary course, would better serve the interests of the parties and the Court.

ii.      Defendants may file motions in limine and/or motions to exclude Plaintiffs' experts under *Daubert*, if appropriate.

iii.      Discovery is not appropriate concerning Plaintiffs' FOIA claims.  As a result, Plaintiffs' suggestion of a potential "motion to compel" regarding documents sought through FOIA is misplaced.  Moreover, Defendants reject Plaintiffs' suggestion that processing delays—a common feature in FOIA litigation—constitute "extreme dilatoriness."  Instead of litigation via motions practice, Defendants anticipate engaging with Plaintiffs in an iterative process to narrow the issues, develop a production schedule for processing of documents, and, after documents have been processed, potentially proceeding to summary judgment briefing if any issues remain concerning withholdings made under FOIA's exemption framework. Defendants note that the FOIA claims should proceed independently from the RFRA claims, and outside of the discovery schedule.

## 8.   STATEMENT AS TO WHETHER CASE IS SUITABLE TO A MAGISTRATE JUDGE FOR SETTLEMENT OR TRIAL

The parties plan to engage in preliminary settlement negotiations within 90 days of the case management conference.  *See infra*, Section 17.  Depending on the outcome of those preliminary conversations, the parties would be amenable to engaging in settlement negotiations before a magistrate judge.

## 9.   STATUS OF RELATED CASES IN FEDERAL COURT

There are two (2) cases that involve similar claims against some of the same defendants in this case.  *Arizona Yage Assembly v. Garland,* Case No. 20-cv-02373-PHX-ROS (D. Ariz.), is awaiting a decision on the Defendants' Motion to Dismiss. *Soul Quest*

*v. Garland*, Case No. 6:20-cv-701-WBB-DCI (M.D. Fla.), is before the Eleventh Circuit Court of Appeals after dismissal by the district court. The facts and procedural history of these cases are different from the present case.

### 10.  ISSUES RELATING TO PRESERVATION, DISCLOSURE, DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties agree to comply with all Rules regarding preservation, disclosure, and discovery of electronically stored information.

### 11.  CLAIMS OF PRIVILEGE OR WORK PRODUCT

Plaintiffs anticipate protecting as privileged or work product communications with potential witnesses and consulting experts who are not testifying experts. Plaintiffs also anticipate protecting all communications between the Church and its attorneys.

Defendants anticipate protecting all applicable privileges.

### 12.  ORDERS UNDER FEDERAL RULE OF EVIDENCE 502(D)

Plaintiffs do not anticipate requesting an order under FRCP 502(d).

Defendants do anticipate requesting such an order.

### 13.  DISCUSSION OF NECESSARY DISCOVERY

Taking into account the December 1, 2015, amendment to Rule 26(b)(1) regarding discovery of any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case," Plaintiffs suggest the following discovery plan:

a.    Extent, nature, and location of discovery:

i.    **Plaintiffs**: Plaintiffs anticipate Requests for Documents, Interrogatories, and Entity Depositions of the persons designated by Defendants who have special knowledge concerning Defendants' defenses and burdens of proof. Plaintiffs' RFPs will likely be extensive while its interrogatories will be no more than permitted by Rule 33. Plaintiffs anticipate deposing five to seven witnesses relating to the safety

of ayahuasca, existing protections employed by the two other churches now using ayahuasca, and agency policies with respect to ayahuasca, its constituent plants, and the fundamental right of religious exercise.

ii.       **Defendants**: Defendants anticipate serving Requests for Production of Documents, Requests for Admission, and Interrogatories, as well as deposition practice within the ordinary bounds contemplated by the Federal Rules of Civil Procedure.   Defendants also anticipate expert discovery, including exchanging reports and potential depositions of any Plaintiffs' experts.

b.       Suggested changes, if any, to the discover limitations of FRCP: None requested.

c.       Number of hours: The parties agree not to limit the amount of time used across depositions, up to the limits set by the Federal Rules of Civil Procedure.

## 14.  STATEMENT OF WHEN PARTIES WILL EXCHANGE INITIAL DISCLOSURES

Because the Parties could not agree on a date for initial disclosures, Plaintiffs default to April 21, 2023, the requirement of FRCP 26 (a) (1) (C), "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order."

Defendants disagree with Plaintiffs. *See infra* Section 15.b.

## 15.  PROPOSED DISCOVERY TIMELINES

The Parties are unable to agree on a proposed discovery timeline, so we are each providing the Court with our respective positions.

a.       **Plaintiffs**: In Plaintiffs' view, Defendants' proposed timeline does not comport with the FRCP and unduly constrains Plaintiffs' ability to gather evidence. We have accommodated Defendants' request to conclude discovery before the December holidays. We believe that the timelines under the FRCP are adequate and that Defendants should not impose additional discovery constraints on Plaintiffs beyond what the FRCP require.

**PLAINTIFFS' PROPOSED DISCOVERY TIMELINE**

| Reference | Event | Date |
|---|---|---|
| Dkt. 27 | Fed. R. Civ. P. 26(f) Conference | Apr. 7, 2023 |
| 6 | Deadline to amend pleadings | Apr. 24, 2023 |
| Dkt. 29 | Defendants' Answer to Plaintiffs' Complaint (Dkt. 1) | May 3,2023 |
| 14 | Deadline to exchange initial disclosures | April 21, 2023 |
| | Written fact discovery may commence | April 7, 2023 |
| 17 | Deadline to engage in preliminary settlement discussions | July 19, 2023 |
| | | |
| | | |
| 6 | Deadline for joinder of additional parties | Dec. 1, 2023 |
| 15(a) | **Close of fact discovery** | Dec. 15, 2023 |
| 15(b) | Deadline to designate and disclose all expert witnesses | Jan. 12, 2024 |
| 15(b) | Exchange of expert reports and information relied upon by expert | Feb. 16, 2024 |
| 15(b) | Exchange expert rebuttal reports and any documents relied upon in preparing such reports | Mar. 15, 2024 |
| 15(c) | **Close of expert discovery** | Apr. 19, 2024 |
| 15(d) | Deadline to engage in settlement discussions | Apr. 26, 2024 |
| 15(e) | **Dispositive motion deadline** | May 24, 2024 |

b.      **Defendants**: Defendants disagree with Plaintiffs' characterizations. The parties have been largely in agreement regarding the discovery timeline, with only a few weeks of variation on specific deadlines. (For example, Plaintiffs agreed to move close of

fact discovery from Sunday, December 31, 2023, to either Friday, December 15, 2023, or Friday, January 5, 2024, to avoid conflicts a weekend deadline, over the holiday weekend.) The parties disagree on three specific points outlined below.

- **Initial Disclosures:** The parties disagree on when to exchange Initial Disclosures: Plaintiffs initially proposed May 4, 2023, and Defendants proposed June 16, 2023. Defendants' Answer will be filed the day before on May 3.  That assumes there will be no Amended Complaint by Plaintiffs—otherwise Defendants will file an Answer 30 days following any such amendment.  *But compare supra* Section 3.a (offering additional factual allegations), *with supra* Section 6 (stating that Plaintiffs do not anticipate further amending the pleadings). Defendants request a meaningful gap between these deadlines; it appears that Plaintiffs may have chosen the May 4 particular date deliberately to constrain Defendants.  Mere hours before the parties filed this Joint Report, Plaintiff changed their proposed date to exchange Initial Disclosures from May 4, 2023, to even earlier: April 21, 2023, the day after this Court set the Rule 16 Conference. Defendants suggest that Initial Disclosures should be exchanged certainly more than one day following the Parties' Rule 16 Conference, and more than one day following Defendants' Answer deadline as well. Defendants propose June 16, 2023.

- **Commencement of Written Fact Discovery:**  Defendants request that this Court set a deadline for written fact discovery to commence anywhere between 1 and 7 days following the parties' exchange of Initial Disclosures and have proposed June 23, 2023.

- **Interim Fact Discovery Deadlines:** Defendants additionally request that this Court enter interim deadlines for fact discovery. Specifically, Defendants request a deadline for "substantial completion of written fact discovery" of September 22, 2023, and request a formal start date for "deposition fact discovery" of September 29, 2023. Defendants envision that building these deadlines into the discovery timeline could be tremendously beneficial in structuring fact discovery as well as encouraging an orderly progression of this process.  Such deadlines would also help

set expectations and streamline deposition scheduling between the parties. Defendants also envision that the parties could, by mutual agreement, change these dates, if necessary, without Court intervention.

**DEFENDANTS' PROPOSED DISCOVERY TIMELINE**

| Reference | Event | Date |
| --- | --- | --- |
| Dkt. 27 | Fed. R. Civ. P. 26(f) Conference | Apr. 7, 2023 |
| 6 | Deadline to amend pleadings | Apr. 24, 2023 |
| Dkt. 29 | Defendants' Answer to Plaintiffs' Complaint (Dkt. 1) | May 3, 2023 |
| 14 | Deadline to exchange initial disclosures | June 16, 2023 |
| | Written fact discovery may commence | June 23, 2023 |
| 17 | Deadline to engage in preliminary settlement discussions | July 19, 2023 |
| | Substantial completion of fact discovery | Sept. 22, 2023 |
| | Deposition fact discovery may commence | Sept. 29, 2023 |
| 6 | Deadline for joinder of additional parties | Dec. 1, 2023 |
| 15(a) | **Close of fact discovery** | Dec. 15, 2023 |
| 15(b) | Deadline to designate and disclose all expert witnesses | Jan. 12, 2024 |
| 15(b) | Exchange of expert reports and information relied upon by expert | Feb. 16, 2024 |
| 15(b) | Exchange expert rebuttal reports and any documents relied upon in preparing such reports | Mar. 15, 2024 |
| 15(c) | **Close of expert discovery** | Apr. 19, 2024 |
| 15(d) | Deadline to engage in settlement discussions | Apr. 26, 2024 |
| 15(e) | **Dispositive motion deadline** | May 24, 2024 |

**16.  STATEMENT REGARDING JURY TRIAL AND LENGTH OF TRIAL**

The parties do not request a jury trial. Anticipated length of trial and whether trial is to the court or jury: seven (7) days before the court.

**17.  PROSPECTS FOR SETTLEMENT**

The parties shall engage in a good-faith settlement conversation within 90 days of the initial Case Management Conference.  Defendants note that, in addition to remaining open to good-faith settlement conversations throughout the discovery period, re-engagement on potential settlement at the conclusion of fact discovery may be particularly appropriate.

**18.  OTHER MATTERS**

The parties will employ procedures and future agreements to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties shall confer regarding the applicability of a protective order and a unified exhibit numbering system.  The parties shall also explore the possibilities for remote depositions as may be appropriate.

DATED  this 13th day of April, 2023.

By:  *s/ Jack Silver*
Jack Silver, *pro hac vice*
Cal. Bar No. 160575
Law Office of Jack Silver
708 Gravenstein Hwy No. # 407
Sebastopol, CA 95472-2808
JsilverEnvironmental@gmail.com
Tel: (707) 528-8175
Fax: (707) 829-0934

By:  *s/ Gilbert Paul Carrasco with permission*
Gilbert Paul Carrasco, *pro hac vice*
Cal. Bar No. 90838
D.C. Bar No. 334722

Professor of Law
Willamette University College of Law
c/o 19431 Sunray Lane, Suite # 102
Huntington Beach, California 92648-6401
carrasco@willamette.edu
Tel: (714) 698-8142
Mobile: (503) 990-4879

By: *s/ Sean T. McAllister with permission*
Sean T. McAllister, Esq., *pro hac vice*
Colo. Bar No. 31350
Cal. Bar No. 310962
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
sean@mcallisterlawoffice.com
Tel: 720-448-6235

By: *s/ Martha J. Hartney with permission*
Martha J. Hartney, Esq., *pro hac vice*
Colo. Bar No. 42017
Hartney Law, LLC
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
martha@hartneylaw.com
Tel: (303) 747-3909
Fax: (303) 835-7199

By: *s/ Ismail Lourido Ali with permission*
Ismail Lourido Ali, Esq., *pro hac vice*
Cal. Bar No. 312660
1530 Campus Drive
Berkeley, CA 94708
lourido.ali@gmail.com
Tel: (559) 801-7317

*Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

15

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Giselle Barcia with permission*
GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 616-8470
E-mail: giselle.barcia@usdoj.gov

*Counsel for Federal Defendants*

16