1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Church of the Eagle and the Condor, et al., <br><br>                 Plaintiffs, <br><br> v. <br><br> Merrick Garland, et al. <br><br>                 Defendants. | No.  CV 22-01004-PHX-SRB <br><br> **CASE MANAGEMENT ORDER** |

The Court enters the following Case Management Order to govern the litigation in this case:

1.    <u>Deadline for Initial Disclosures</u>.  Initial disclosures required by Federal Rule of Civil Procedure 26(a) shall be exchanged no later than **May 19, 2023.**

2.    <u>Deadline for Moving to Join Parties, Amend Pleadings, and File Supplemental Pleadings</u>.  The deadline for moving to join parties, amend pleadings, and file supplemental pleadings is **60 days** from the date of this Order.

3.    <u>Discovery Limitations</u>.  The number and duration of depositions shall be limited as provided in Rule 30 of the Federal Rules of Civil Procedure.  Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4.    <u>Fact Discovery</u>.  The deadline for completing fact discovery, including discovery by subpoena, shall be **December 15, 2023.** To ensure compliance with this

deadline, the following rules shall apply:

a.      Written Discovery:  All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

b.      The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not extend the discovery deadlines set forth in this Order.

5.      Expert Disclosures and Discovery.

a.      The Parties will disclose the identity and subject matter of expert witnesses no later than **January 12, 2024.**

b.      The Parties shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **February 16, 2024**.

c.      Rebuttal expert disclosures, if any, shall be made no later than **March 15, 2024**.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d.      Expert depositions shall be completed no later than **April 19, 2024**.

e.      Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the

expert will say at trial.[1]

        f.    As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.

        g.    Each side shall be limited to one retained or specifically employed expert witness per issue.

    6.    <u>Discovery Disputes</u>.

        a.    If a discovery dispute arises, the parties promptly shall call the Court to request a video conference concerning the dispute. The Court will seek to resolve the dispute during the video conference, and may enter appropriate orders on the basis of the video conference. The Court may order written briefing if it does not resolve the dispute during the video conference. The parties shall not file written discovery motions without leave of Court.[2]

        b.    Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

        c.    Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures suffice.

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

entertain expert discovery disputes after the deadline for completion of expert discovery.

       7.    <u>Dispositive Motions</u>.

          a.    Dispositive motions shall be filed no later than **May 24, 2024**.

          b.    No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

          c.    Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits.  The parties should review *Hunton v. Am. Zurich Ins. Co*., No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at *5 (D. Ariz. Mar. 7, 2018), before briefing summary judgment motions.

          d.    The parties shall not notice oral argument on any motion.  Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion or response pursuant to Local Rule of Civil Procedure 7.2(f).  The Court will issue an order scheduling oral argument as it deems appropriate.

       8.    <u>Good Faith Settlement Talks</u>.  All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **January 31, 2024**.  Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel.  The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

       9.    <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.  The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

. . .

1    10.    Briefing Requirements.

2    a.    All memoranda filed with the Court shall comply with Local Rule of

3    Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

4    b.    Citations in support of any assertion in the text shall be included in

5    the text, not in footnotes.

6    11.    **A Joint Proposed Pretrial Order** shall be lodged by **September 30, 2024.**

7    The content of the Proposed Pretrial Order shall include, but not be limited to, that

8    prescribed in the Form of Joint Proposed Pretrial Order.  Statements made shall not be in

9    the form of a question, but should be a concise narrative statement of each party's

10    contention regarding each uncontested and contested issue. The parties shall e-mail the

11    Joint    Proposed    Pretrial    Order    to    the    Chambers    mailbox    at

12    bolton_chambers@azd.uscourts.gov. in either WordPerfect or Word format.

13    12.    If the case will be tried to the Court, rather than to a jury, in addition to

14    filing a **Joint Proposed Pretrial Order**, each party shall also submit Proposed Findings

15    of Fact and Conclusions of Law on the same date the **Joint Proposed Pretrial Order** is

16    due.

17    13.    The attorneys for each party who will be responsible for trial of the lawsuit

18    shall appear and participate in a **Pretrial Conference** on **October 10, 2024 at 10:00 a.m.**

19    At the **Pretrial Conference** this Court will establish a firm trial date and will issue the

20    **Final Pretrial Order** with any additional instructions for trial preparation.

21    14.    The parties are advised that they will be required to file with the **Joint**

22    **Proposed Pretrial Order** the following:

23    (1)    A joint stipulated Statement of the Case to be read to the jury and

24    included in the jury questionnaire.  If the parties have any disagreement about the

25    statement, the party proposing the statement will set it forth in the joint pleading and the

26    party objecting shall set forth the reason for the objection below the statement and offer

27    an alternative statement.

28    (2)    A joint stipulated set of voir dire questions to be added to the Court's

standard questionnaire and/or to be given by the Court.  The voir dire questions shall be drafted in a neutral manner.  If the parties have any disagreement about a particular question, the party proposing the question will set it forth in the joint pleading and the party objecting shall set forth the reason for their objection below the question and offer alternative questions.

(3)     Joint stipulated jury instructions. The instructions shall be accompanied by citations to legal authority.  If the parties have any disagreement about any particular instruction, the party proposing the instruction will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternate instruction.

(4)     A joint stipulated form of verdict. If the parties have any disagreement about the form of verdict, the party proposing the form will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative form of verdict.

(5)     A Trial Memorandum of Law for each party.  The memorandum shall be brief but must address all questions of law, including evidentiary issues that the party anticipates will arise at trial.

(6)     Any final pretrial matters required under Federal Rule of Civil Procedure 26(a)(3) are due prior to the preparation and submission of the **Joint Proposed Pretrial Order**.

(7) The parties shall submit their proposed voir dire questions, statement of the case, jury instructions, in .pdf format, and form of verdict in Word format, to the Chambers mailbox, at **bolton_chambers@azd.uscourts.gov.**

15.  No Motions in Limine shall be filed.

. . .

. . .

. . .

. . .

1

**IT IS ORDERED** setting Bench Trial on **October 21, 2024 at 9:00 a.m.**

2

3         Dated this 20th day of April, 2023.

4

5

6

7                                  Susan R. Bolton

8                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28