BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 514-8640
E-mail: giselle.barcia@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The Church of the Eagle and the Condor *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick Garland *et al.*,<br><br>Defendants. | 22-cv-01004<br><br>**ANSWER** |

Defendants Merrick Garland, in his official capacity as Attorney General, Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security, Anne Milgram, in her official capacity as Administrator of the U.S. Drug Enforcement Administration, and Troy Miller, in his official capacity as Acting Commissioner of the U.S. Customs and Border Protection, hereby respond to the Complaint (Doc. 1) filed by Plaintiffs Church of the Eagle and the Condor, Joseph Tafur, Belinda Eriacho, Kewal Wright, Benjamin Sullivan, and Joseph Bellus, following the court's order granting in part and denying in part Defendants' motion to dismiss (Doc. 26).

1. Defendants lack knowledge or information sufficient to confirm or deny the characterizations of the individual Plaintiffs in the allegations in paragraph 1, and, therefore, deny them.

2. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 2, and, therefore, deny them.

3. Defendants admit that the Church of the Eagle and the Condor has submitted FOIA requests to DEA and CBP. Defendants deny the remaining allegations in paragraph 3.

4. The allegations in paragraph 4 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

5. The allegations in paragraph 5 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

6. The allegations in paragraph 6 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

7. The allegations in paragraph 7 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

8. The allegations in paragraph 8 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

9. The allegations in paragraph 9 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

10. No response to paragraph 10 is required, as Plaintiffs' constitutional claims have been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 10.

11. The allegations in paragraph 11 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 12, and, therefore, deny them.

13. The allegations in paragraph 13 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 13.

14. The allegations in paragraph 14 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 14.

15. The allegations in the first sentence of paragraph 15 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in the first sentence of paragraph 15. In addition, Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 15, and, therefore, deny them.

16. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 16, and, therefore, deny them.

17. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 17, and, therefore, deny them.

18. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 18, and, therefore, deny them.

19. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 19, and, therefore, deny them.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit Anne Milgram is the Administrator of the U.S. Drug Enforcement Agency. Defendants deny the remaining allegations in paragraph 22.

23. Defendants aver that Christopher Magnus no longer serves as Commissioner of the U.S. Customs and Border Protection and should be substituted with Troy Miller in his official capacity as Acting Commissioner of the U.S. Customs and Border Protection as a Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit that Dimethyltryptamine is listed as a Schedule I controlled substance under 21 U.S.C. § 812. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 25, and, therefore, deny them.

26. Defendants admit that the term "P. viridis" does not appear in 21 U.S.C. § 801 *et seq*. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 26, and, therefore, deny them.

27. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 27, and, therefore, deny them.

28. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 28 relating to "effects . . . known by Plaintiffs" and "[f]or Plaintiffs," and, therefore, deny them. Defendants deny the remaining allegations in paragraph 28.

29. Defendants admit that UDV and Santo Daime are DEA registrants, following settlement agreements with the United States government. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 29, and, therefore, deny them.

30. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 30, and, therefore, deny them.

31. Defendants admit that paragraph 31 accurately quotes the Report of the International Narcotics Control Board (2012). Defendants refer the court to the Report for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 31, and, therefore, deny them.

32. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 32, and, therefore, deny them. In addition, the allegations in paragraph 32 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 32.

33. The allegations in paragraph 33 are legal conclusions for which no response is required. However, should a response be required, Defendants refer the court to the cited opinion for a complete and accurate statement of its content and otherwise deny the allegations in paragraph 33.

34. The allegations in paragraph 34 are legal conclusions for which no response is required. However, should a response be required, Defendants refer the court to the cited filings and opinions for complete and accurate statements of their contents and otherwise deny the allegations in paragraph 34.

35. The allegations in paragraph 35 are legal conclusions for which no response is required. However, should a response be required, Defendants refer the court to the cited filings and Ninth Circuit opinion (to which paragraph 35 misattributes language not in the

opinion) for complete and accurate statements of their contents and otherwise deny the allegations in paragraph 35.

36. The allegations in paragraph 36 are legal conclusions for which no response is required. However, should a response be required, Defendants refer the court to the cited opinions for complete and accurate statements of their contents and otherwise deny the allegations in paragraph 36.

37. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 37, and, therefore, deny them.

38. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 38, and, therefore, deny them.

39. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 39, and, therefore, deny them.

40. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 40, and, therefore, deny them.

41. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 41, and, therefore, deny them.

42. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 42, and, therefore, deny them.

43. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 43, and, therefore, deny them.

44. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 44, and, therefore, deny them.

45. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 45, and, therefore, deny them.

46. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 46, and, therefore, deny them.

47. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 47, and, therefore, deny them.

48. Defendants lack knowledge or information sufficient to confirm or deny the allegations relating to "what [Plaintiffs] experience" in paragraph 48, and therefore, deny them. Defendants deny the remaining allegations in paragraph 48. In addition, the allegations in paragraph 48 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49. In addition, the allegations in paragraph 49 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 49.

50. Defendants refer the court to the alleged note for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 50, and, therefore, deny them.

51. Defendants refer the court to the alleged note for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 51, and, therefore, deny them.

52. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 52, and, therefore, deny them.

53. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 53, and, therefore, deny them. In addition, the allegations in paragraph 53 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 53.

54. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 54, and, therefore, deny them. In addition, the allegations in paragraph 54 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 54.

55. Defendants admit that counsel for Church of the Eagle and the Condor filed FOIA requests to both the CBP and the DEA on March 16, 2021. Defendants also admit that CBP provided responses. Defendants deny the remaining allegations in paragraph 55, as they mischaracterize CBP's responses.

56. Defendants admit that CBP provided Plaintiffs with the public version of the SAMEPH, which included redactions. The re-redacted, public version of the SAMEPH is available at https://www.cbp.gov/document/guidance/2011-seized-asset-management-and-enforcement-procedures-handbook. Defendants deny the remaining allegations in paragraph 56.

57. Defendants admit the allegations in paragraph 57.

58. Defendants admit the allegations in paragraph 58. DEA provided partial responses to the FOIA requests on February 13, 2023, and continues processing the requests.

59. Defendants deny the allegations in paragraph 59. In addition, the allegations in paragraph 59 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 59.

60. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 60, and, therefore, deny them. In addition, the allegations in paragraph 60 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 60.

61. The allegations in paragraph 61 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 61.

62. The allegations in paragraph 62 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 62.

63. Defendants incorporate by reference herein their responses to paragraphs 1 through 63.

64. The allegations in paragraph 64 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 64.

65. No response to paragraph 65 is required, as Plaintiffs' First Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants incorporate by reference herein their responses to paragraphs 1 through 65.

66. No response to paragraph 66 is required, as Plaintiffs' First Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 66.

67. No response to paragraph 67 is required, as Plaintiffs' First Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants incorporate by reference herein their responses to paragraphs 1 through 67.

68. No response to paragraph 68 is required, as Plaintiffs' First Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 68.

69. No response to paragraph 69 is required, as Plaintiffs' First Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 69.

70. No response to paragraph 70 is required, as Plaintiffs' Fifth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants incorporate by reference herein their responses to paragraphs 1 through 70.

71. No response to paragraph 71 is required, as Plaintiffs' Fifth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 71.

72. No response to paragraph 72 is required, as Plaintiffs' Fifth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants incorporate by reference herein their responses to paragraphs 1 through 72.

73. No response to paragraph 73 is required, as Plaintiffs' Fifth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 73.

74. No response to paragraph 74 is required, as Plaintiffs' Fifth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants incorporate by reference herein their responses to paragraphs 1 through 74.

75. No response to paragraph 75 is required, as Plaintiffs' Fifth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 75.

76. No response to paragraph 76 is required, as Plaintiffs' Ninth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants incorporate by reference herein their responses to paragraphs 1 through 76.

77. No response to paragraph 77 is required, as Plaintiffs' Ninth Amendment claim has been dismissed (Doc. 26). However, to the extent a response is required, Defendants deny the allegations in paragraph 77.

78. Defendants incorporate by reference herein their responses to paragraphs 1 through 78.

79. The allegations in paragraph 79 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80 characterizing the documents Plaintiffs seek as "public." Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 80, and, therefore, deny them.

81. Defendants incorporate by reference herein their responses to paragraphs 1 through 81 above.

82. The allegations in paragraph 82 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83 characterizing the documents Plaintiffs seek as "public." Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 83, and, therefore, deny them.

84. The allegations in paragraph 84 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

85. The allegations in paragraph 85 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

86. The allegations in paragraph 86 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

87. The allegations in paragraph 87 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

88. The allegations in paragraph 88 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

89. The allegations in paragraph 89 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

90. The allegations in paragraph 90 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

91. The allegations in paragraph 91 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

92. The allegations in paragraph 92 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

93. The allegations in paragraph 93 are a prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

**AFFIRMATVE DEFENSES**

Defendants incorporate by reference herein their responses to the allegations set forth above. All defenses are asserted by each Defendant. The United States denies each and every allegation not specifically admitted herein. All allegations not expressly admitted are denied.

Without any admission as to the burden of proof or as to any of the allegations in the Complaint, Defendants assert the following additional defenses:

1. Plaintiffs lack standing.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. Plaintiffs failed to exhaust the administrative remedies available to them.

4. Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

WHEREFORE, having fully answered Plaintiffs' Complaint, the United States prays that Plaintiffs take nothing, their Complaint be dismissed, and judgment be awarded in favor of the United States together with costs and all other just and proper relief.

Respectfully submitted this 3rd day of May 2023.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

11

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Giselle Barcia*
GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 514-8640
E-mail: giselle.barcia@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Jack Silver
Law Office of Jack Silver
708 Gravenstein Hwy N, Ste. 407
Sebastopol, CA 95472-2808
Tel.: 707-528-8175
Fax: 707-829-0934
E-mail: lhm28843@sbcglobal.net
E-mail: jsilverenvironmental@gmail.com

Gilbert Paul Carrasco
Willamette University College of Law
19431 Sunray Lane, Ste. 102
Huntington Beach, CA 92648-6401
Tel.: 714-698-8142
E-mail: carrasco@willamette.edu

Ismail L Ali
1530 Campus Dr.
Berkeley, CA 94708
Tel.: 559-801-7317
E-mail: lourido.ali@gmail.com

Martha J Hartney
Hartney Law LLC
4450 Arapahoe Ave.
Boulder, CO 80303
Tel.: 303-747-3909
Fax: 303-835-7199
E-mail: martha@hartneylaw.com

Sean T McAllister
McAllister Law Office PC
4035 E 3rd Ave.
Denver, CO 80220
Tel.: 720-448-6235
E-mail: sean@mcallisterlawoffice.com

*s/ Giselle Barcia*
GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice