# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Church of the Eagle and the Condor, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick Garland, et al.,<br><br>Defendants. | No. CV-22-01004-PHX-SRB<br><br>**PROTECTIVE ORDER** |

With the agreement of the parties, the Court has determined that there is good cause to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives, and assignees of certain information and items produced and received in discovery in the above-captioned action.

IT IS HEREBY ORDERED as follows:

1. Plaintiffs and Defendants in the above-captioned action are permitted to produce non-privileged information contained in law enforcement records and communications or produced at a deposition or hearing that is law enforcement sensitive and for official use only or that is otherwise prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a, *et seq.* (hereinafter referred to as "Protected Information"). The following terms govern

with respect to all such documents and information exchanged or disclosed by the parties in this action, whether before or after the entry of this Protective Order ("Order").

2. **Good Cause Statement**. Defendants believe this action is likely to involve the production of non-privileged information contained in law enforcement records and communications or produced at a deposition or hearing. This non-privileged information is likely law enforcement sensitive and for official use only, in that it may regard such things as law enforcement activities and operations, internal policies, processes and procedures, and training materials, all of which may be protected from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(7), or protected from disclosure under other federal law, or which is generally unavailable to the public because its disclosure could adversely impact such things as a person's privacy or welfare or the conduct of programs or operations essential to the national interest, but which a court may order to be produced. Some of this non-privileged information may also be information prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a, *et seq.* (the "Privacy Act"), as it may be personal information located in a Federal government "record" contained within a "system of records" and therefore require the consent of that individual prior to disclosure unless made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11). Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Plaintiff and Defendants are entitled to keep confidential, to ensure that the Plaintiff and Defendants are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the

litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

3. **Definitions**.

   a. "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staffs).

   b. "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   c. "Designating Party" shall mean the person, Party, or Non-Party who designates information or documents as "Protected Information."

   d. "Producing Party" shall mean the person, Party, or Non-Party producing discovery in this action.

   e. "Receiving Party" shall mean any party who receives or is shown discovery in this action.

   f. "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

4. **Protected Information**.  The categories of Protected Information include:

   a. Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, without obtaining the prior written consent of the individuals to whom such records or information pertain.

   b. Personally Identifying Information (PII), which is information that permits the identity of an individual to be directly or indirectly inferred,

or otherwise confidential information regarding any plaintiff, defendant, employee or former employee of any defendant, or Non-Party, including but not limited to date of birth, social security number, email addresses, phone numbers, mailing addresses, or compensation information, that would be protected or restricted from disclosure by statute, regulation, internal agency policy or guidance, but disclosure of which may be authorized by an order of this Court.

  c. Non-public information that is designated or treated as (i) Law Enforcement Sensitive (LES), as well as (ii) information that is protected or restricted from disclosure under the terms of any other statute or regulation, but which the Court may order be produced.

  d. All other protected documents, information, or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

 5. **Designations.**  It shall be the duty of the party producing the Protected Information ("Producing Party") to give notice of information it believes in good faith is covered by this Order.  A Party may designate information that it obtained from a Non-Party pursuant to this Order, if it believes in good faith that it qualifies as Protected Information under this Order.  Protected Information shall be designated as such by stamping the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or a similar marking, on each page of any document or record containing Protected Information prior to the production of such document or record.  For Protected Information whose medium makes

such marking impracticable, such as native electronic files, a Producing Party shall mark any CD-ROM or other storage medium, and/or any accompanying paper or email cover letter with "Confidential – Subject to Protective Order," or a similar marking. Categories of documents may be marked generally if the identification of individual documents is impracticable.

6. A Producing Party may designate as "Attorneys' Eyes Only Information" any Protected Information the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. To do so, a Producing Party shall add the marking "ATTORNEYS' EYES ONLY" to the markings described in Paragraph 5. If the Receiving Party disagrees with such marking, it will notify the Producing Party and inform the Producing Party why it believes the designation is improper, and the Parties will meet and confer in good faith about the designation within seven (7) business days. If the Parties cannot come to an agreement on the designation, the Producing Party has seven (7) additional business days to raise the issue with the Court, such as by moving for a protective order. The Producing Party's failure to seek relief from the Court relegates the documents originally designated as ATTORNEYS' EYES ONLY to ordinary protected status under this Order. During the seven (7) business days the Producing Party is allotted to raise the dispute with the Court and while the motion with the Court is pending, any information designated as ATTORNEYS' EYES ONLY will be treated as such. Each Party should segregate materials marked ATTORNEYS' EYES ONLY from other Confidential Information to prevent disclosure. Material marked ATTORNEYS' EYES ONLY may not be disclosed to Named Parties, but may be disclosed to: (1) the Parties' counsel of record and

agency counsel, including their associates, clerks, paralegals, litigation support personnel and such other regular and temporary employees who assist counsel in connection with the action; (2) any court adjudicating part of this matter, including judges, law clerks, assistants, interpreters, and stenographic personnel; (3) any persons specified in Paragraph 9(d), (e), (f), or (g) of this Order, once such person or persons have read this Order and agrees in writing to be bound by its terms in the form attached hereto as Attachment A.

      7.    **Designations – Testimony.**  For any deposition or examination testimony, when the deponent, their counsel, or any Party notes that a question, answer, or line of questioning is likely to involve information subject to this Order or likely to result in the disclosure of Protected Information, that person should so state on the record or by the conclusion of the deposition should state on the record that they believe certain questions, answers, or lines of questioning are Protected Information.  Any Party shall have twenty-one (21) days after receipt of the transcript to designate the deposition transcript, or portions thereof, as Protected Information by providing written notice to all counsel of record.  During that twenty-one (21) day period, any questions, answers, or lines of questioning believed to be Protected Information as so stated on the record shall be treated as Protected Information until that twenty-one (21) day period elapses.  At the end of the twenty-one (21) days, only those portions of the transcript so designated as Protected Information by a Party through written notice to all counsel of record shall be considered Protected Information. Also at the end of the twenty-one (21) day period, the non-designating Party may challenge the designation of any such question, answer, or line of questioning pursuant to the procedures set forth Paragraph 16.  Upon being informed that certain portions of a transcript are

- 6 -

designated as Protected Information, each Party must have each copy in their custody, possession or control immediately marked with the appropriate designation at the appropriate pages.

8. **Access to Protected Information.** Except as provided in this Order, all Protected Information produced or exchanged subject to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

9. Notwithstanding Paragraph 7 of this Order, Documents designated "Confidential - Subject to Protective Order" or a similar marking may be disclosed to the following:

    a. The Court and its official personnel;

    b. Counsel of record for the parties;

    c. Associates and staff of the counsel of record for the parties, including agency counsel, paralegals, office clerks, and other support staff whose assistance is required by the counsel working on the case;

    d. Employees of the Federal Government with a need to have access to such documents in connection with this litigation, including supervisory officials of one of the Defendants or the Department of Justice, provided however that this Order shall not prevent any federal employee from having access to records to which such employee would normally have access in the regular course of his or her employment;

  e. Outside experts, witnesses, consultants, or others retained in connection with this action and their staff, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

  f. Trial witnesses and deponents in discovery, court reporting personnel, translators, and videographers during depositions;

  g. Outside litigation support personnel retained by counsel of record to assist in the preparation and/or litigation of the action, including contract attorneys, outside copying service vendors, or electronic document management vendors; and

  h. Other persons by written agreement of counsel of record for the parties or further order of the Court.

10. All persons, including the Parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

11. Prior to disclosing any document designated as Protected Information to any person listed in Paragraphs 9(d), (e), (f), (g), and (h), counsel shall provide such person with a copy of this Order and obtain from such person the completed acknowledgment attached as Attachment A stating that he or she has read this Order and agrees to be bound by its provisions and subject to this Court's jurisdiction. All such acknowledgments shall be retained by counsel for each respective party and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

12. **Copies, Summarizations, Extracts Protected.**  Protected Information designated under this Order may include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information, provided that any publicly filed document containing Protected Information as defined above and in this paragraph meets the applicable standard required to limit its public disclosure.  A Party may make a request to the Producing Party that certain material contained in the materials specified in subsections (a)-(c) not be treated as Protected Information, or be redacted. Before any material described in subsections (a)-(c) is shared with anyone not authorized by this Protective Order to receive Protected Information or filed on the public docket, the Receiving Party must first notify the Producing Party of what Protected Information may be implicated in the materials it intends to share or file, and the Parties shall meet and confer in good faith within seven (7) days of any such request or notice.  If, after the meet and confer process, the Parties are not in agreement as to whether the material in question is Protected Information, the Receiving Party may move the Court for a ruling on the dispute in accordance with Paragraph 13 or Paragraph 16.

13. **Briefs or Filings Containing Protected Information.**  If the Receiving Party seeks to file anything on the public docket containing or disclosing Protected Information, it must either (1) seek and obtain Court approval to file the Protected Information under seal;

or (2) meet and confer with the Producing Party at least seven (7) business days before filing regarding whether the Parties can agree that some or all of the Protected Information can be filed on the public docket.  If the Receiving Party files Protected Information under seal, then the Receiving Party must meet and confer with the Producing Party within seven (7) business days after the sealed filing to attempt to agree on proposed redactions for a public version of the sealed filing.  If the parties cannot agree on a public filing with some or all of the Protected Information redacted, the Receiving Party may move the Court for a ruling on the dispute pursuant to the procedures in Paragraph 16.

14. **Court Hearings And Other Pre-Trial Proceedings.**  Before a Party seeks to use Protected Information in open court in pre-trial proceedings, the Party intending to use Protected Information shall provide reasonable notice of the potential disclosure of Protected Information to the Court and the opposing party, so that the opposing Party or any Non-Party may apply to the Court for appropriate protection in advance of its use in open court, such as a request to clear the courtroom of persons not entitled to receive Protected Information pursuant to Paragraph 7 or to close the proceedings.  If a Party seeks to use Protected Information solely to impeach a witness, the Party shall provide notice to opposing counsel immediately before using the Protected Information and provide an opportunity for opposing counsel to move to restrict use of the document or information.  The Parties may agree in writing to exempt categories of Protected Information and/or particular documents or information from the restrictions of this Order.  If the parties so agree in writing, such exempted information may be disseminated without restriction and used in this proceeding on the public record, pursuant to 5 U.S.C. § 552a(b)(11).

15. **Testimony At Pretrial Court Hearings And Other Proceedings.** All testimony elicited during hearings and other proceedings that counsel for a Party or Non-Party indicated on the record may be subject to the protections of this Order shall be deemed Protected Information until the expiration of ten (10) days after delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript. Within the ten (10) day period following such mailing of the transcript, any Party may move to designate all or any portion of the testimony as Protected Information. Upon being informed that certain portions of a transcript are designated as Protected Information, each Party must have each copy in their custody, possession, or control immediately marked with the appropriate designation at the appropriate pages.

16. **Challenge To Designations**. At any time prior to the pretrial conference, a Party may object to the designation of a document or information as Protected Information by giving written notice via email to all counsel for the other Party and the grounds for the objection. The objecting Party shall request to meet and confer with the other Party prior to submitting the dispute to the Court for a ruling. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection, in accordance with the Court's Case Management Order, ECF No. 34, at 3. The documents or information at issue must be treated as Protected Information until the Court has ruled on the objection or the matter has been otherwise resolved.

17. **Inadvertent Disclosure Of Protected Material.** The failure by a Producing Party to designate specific documents or information as Protected Information shall not, by

itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or information. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to Paragraph 8, and shall thereafter take reasonable steps to ensure that the Protected Information is treated in accordance with the designation. No person or Party shall incur any liability under this Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

18. **Disclosure To Unauthorized Persons**. If information subject to this Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the Producing Party, or other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately (a) inform the Producing Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Order in the form of the declaration attached to this Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Information.

19. **Good Faith Designations.** Each Party agrees that designation of Protected Information and responses to requests to permit further disclosure of Protected Information

shall be made in good faith and not: (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation. Further, each Party agrees to make best efforts to avoid as much as possible inclusion of Protected Information in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Information.

20. **Use Of Information Subject To Order.** The Receiving Party's use of any information or documents obtained from the Producing Party designated as Protected Information pursuant to this Order shall be restricted to use in this litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this litigation or any other proceeding between the Parties, except as otherwise provided in this Order.

21. **Meet And Confer.** Prior to filing any motion or application before the Court to enforce this Order, the moving party shall notify the other Parties in writing and meet and confer in good faith in an attempt to resolve their dispute in accordance with the Court's Case Management Order, ECF No. 34, at 3. If the non-moving Party fails to meet and confer within seven (7) business days of receiving notice under this Paragraph of the moving Party's intent to file a motion or application to enforce this Order, the moving Party may file the motion or application without such a conference.

22. **Other Actions.** If any Party or Non-Party who has received Protected Information is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, or (c) served with any legal process by one not a party to this action,

seeking information or material which was produced or designated as Protected Information by any Party, that Party or Non-Party shall give prompt actual written notice by e-mail within ten (10) business days of receipt of such subpoena, demand, or legal process, to counsel for those who created the Protected Information prior to compliance with the subpoena so as to allow those creators to seek protection from the relevant court(s).

23. **Duration And Return**.  Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  This does not apply to any Protected Information introduced as an exhibit for trial.  For records the Parties intend to disclose at trial, the obligations under this Order are inapplicable, and the Parties agree to negotiate the terms of any renewed Protective Order for trial exhibits prior to the commencement of trial. For Protected Information not disclosed at trial, the Parties and any other person(s) or entity subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.  Final termination of the litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.

24. Unless otherwise instructed by the Court, within sixty (60) days after final conclusion of all aspects of this litigation, including any appeals, any party or person who received Protected Information not disclosed at trial shall certify to the opposing parties that those documents containing such Protected Information and that were not made public at trial (i) have been returned to counsel of record for the Producing Party, or (ii) have been destroyed.  However, counsel of record for the Parties shall be entitled to retain all litigation

documents filed with the Court, including exhibits filed under seal, copies of depositions, hearings, trial transcripts, and attorney work product containing Protected Information. Such litigation documents and memoranda shall be used only for the purpose of preserving files on this action, and shall not, without the written permission of the Designating Party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of this litigation.

25. **Amendment Or Termination.** This Order is without prejudice to the right of any Party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The Party must provide written notice to counsel of record for all parties in this action specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order at least seven (7) business days in advance of filing any such motion. The parties expressly reserve the right to seek modification, amendment, or rescission of this Order by mutual agreement in writing.

26. **Enforcement.** All persons to whom Protected Information is disclosed shall be subject to the jurisdiction of this Court, for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the parties and all persons to whom Protected Material has been disclosed, both during and after the pendency of this case.

27. **Limitations**. Nothing in this Order shall be deemed to restrict in any manner the use by any Party of its own documents or materials. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections of records or information that it owns or controls.

28. **All Objections, Redactions, Withholdings, Rights Preserved.** This Order is intended to provide a mechanism for handling the disclosure or production of Protected Information to which there is no objection other than confidentiality. The protection afforded by this Order shall in no way affect a Party's right to withhold, redact documents or seek to designate information as: (a) privileged under the Attorney-Client or other privilege, (b) protected by the Attorney Work Product Doctrine, (c) protected by the Law Enforcement Privilege, Deliberative Process Privilege, or other similar privilege; or (d) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Order would be insufficient, (b) object to the designation of any document or information as Protected Information, or (c) seek any modification of or relief from any provision of this Order, either generally or as to any particular Protected Information, by properly noticed motion with notice to all Parties and their respective counsel.

29. This Order does not constitute any ruling on the question of whether any particular document or category of information is subject to the Privacy Act or is otherwise properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

30. Nothing in this Order waives Defendants' right to use, disclose, or disseminate the Protected Information in accordance with the Privacy Act or other statutes, regulations, or policies.

31. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

32. Nothing in this Order shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

33. Pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to disclose to Plaintiff's counsel, the Court, and those persons defined in Paragraph 9 of this Order, records or information containing Privacy Act-protected material, without redacting such material, without obtaining prior written consent of the individuals whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the conditions set forth in this Order. So long as counsel for Defendants exercise reasonable efforts to prevent the disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other than as permitted under the terms of this Order, disclosures under this Order, including inadvertent disclosures of such information, shall not be construed as a violation of the Privacy Act.

. . .

. . .

. . .

. . .

34. No deadlines set forth herein shall conflict with either the U.S. District Court for the District of Arizona Local Rules or any order by the Court. In the instance of a conflict, the deadlines set forth by the Local Rules or any order by the Court shall be the deadlines herein.

Dated this 11th day of July, 2023.

Susan R. Bolton
United States District Judge