Sean T. McAllister, Esq. - *pro hac vice*
McAllister Law Office PC
4035 E 3rd Ave.
Denver, CO 80220
Tel.: 720-448-6235
E-mail: sean@mcallisterlawoffice.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| The Church of the Eagle and the Condor, *et al*, Plaintiffs, v.<br><br>Merrick Garland, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01004-PHX-SRB<br><br>**SECOND DECLARATION OF SEAN T. MCALLISTER IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS FEES AND COSTS** |

I, Sean McAllister, declare as follows:

I have personal knowledge of the facts stated in this Declaration, and if called to testify, I can competently testify to the truth of these facts.

**I.  Defendants Objections to McAllister Fee Requests**

Defendants have objected on numerous grounds to my attorneys fee request, including: (a) allegations that I did not write off any time; (b) allegations that my billable rate is not reasonable and that Arizona rates should apply; (c) allegations that my billing for the pre-litigation work under FOIA is not recoverable and that I did not distinguish between work on the CBP and DEA FOIA requests; and (d) allegations that I engaged in block billing or vague billing entries. As shown below, each of these allegations is false or not supported by case law and the local rules.

1

DECLARATION OF SEAN MCALLISTER (22CV1004-PHX-SRB)

### (a) Time Written Off

Defendants allege that Plaintiffs' counsel made no attempt to cull their billing to remove unbillable entries. *See* Defendants' Document 59, at page 11-12. This is patently false. I wrote off nearly 50% of my time spent on this case, removing charges for administrative tasks, for duplicative work, for work related to public education on the Defendants' late or non-existent FOIA disclosures, for work observing the church's activities and more. The total reduction in hours was over 220 hours of written off time.

Also, Defendants complaints about duplicative time do not recognize the key role that I played in several aspects of this case, co-leading with one other attorney the work on the FOIA request, discovery work, settlement discussions, and my role as lead trial counsel. Defendants' complaints about alleged duplicative work do not discuss the reasonable need to have more than one attorney on several of these important litigation phases. In fact, the government itself had 3 attorneys working on this matter, showing that it is completely reasonable that Plaintiffs' tasked up to 2 lawyers to co-lead each important issue in the case. To the extent that the Defendants seek to reduce my fee recovery based on some allegation of duplicative work, these suggestions should be rejected. As my prior Declaration and Plaintiffs' Fee Motion shows, my work was critical to the success of the case.

### (b) Reasonableness of the Hourly Rate

Defendants claim that my hourly rate is not reasonable and that Arizona rates should be used. First, I note that Defendants mis-quoted my claimed hourly rate, stating I am seeking $750/hour. *See* Defendants' Document 59, at 14. In fact, my first declaration and Plaintiffs' Fee Motion make clear I am only seeking $650 per hour. *See* Plaintiffs' Document 54, McAllister Declaration. This hourly rate is reasonable in both Colorado and Arizona for someone with 25

years of extensive litigation experience, and with particularized and rare expertise with the law around psychedelic churches. In addition to the materials already presented, a recent survey by the National Law Journal found that lawyers with my level of experience (25 years) regularly charged as much as $620 per hour in Arizona and $525 per hour in Colorado in 2019. *See* Exhibit D, National Law Journal Survey, at page 6. Adjusted for inflation, these rates would be $738 per hour in Arizona and $625 per hour in Colorado. I note these generic surveys don't consider the niche and specialty nature of the litigation in this case: a blend of FOIA, RFRA, DEA administrative law, import/export law, and the backdrop of criminal law. Thus, this survey reconfirms that my claimed billable rate of $650 per hour is reasonable in both Colorado and Arizona.

### (c) Pre-litigation FOIA Work

Defendants claim that none of Plaintiffs work prior to the litigation related to FOIA is recoverable. As Plaintiffs have noted, we seek attorneys fees not just under the FOIA provisions, but also under 42 U.S.C. § 1988. The garnering of the requested FOIA records was critical work to prepare the complaint and prosecute this case because these records included: (a) government records concerning the specific seizure of Plaintiffs sacrament ayahuasca; (b) the government SAMEPH seizure guidance document, wrongfully withheld by the government in this case, which showed that by rule Plaintiffs received no due process regarding the seizure of their sacrament ayahuasca; and (c) the government risk assessment of ayahuasca, wrongfully withheld until after litigation began, and a critical element of the RFRA evaluation. Thus, any attorneys fees not covered by FOIA in this matter related to pre-litigation FOIA activities should be covered by Section 1988 as essential elements of the work to prepare and prosecute the case.

In addition, the 9th Circuit has made clear that prevailing parties in FOIA litigation are entitled to fees for its expenditures to exhaust administrative remedies and compile a record for

3

the purpose of litigation. *See Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009). Thus, if any claims for FOIA fees are denied, I should at least be entitled to recover or all work related to exhausting administrative remedies and compiling the record for litigation as demonstrated by my billing records. This would include all work after June 1, 2021 when the FOIA requests were submitted to DEA and CBP to assess the disclosures, exhaust administrative remedies and to prepare the lawsuit.

Finally, Defendants complain that some of my entries regarding my work on the FOIA aspects of the case do not distinguish between the requests made to CBP and DEA. I deny this allegation and believe my entries are generally clear on this distinction. In any event, any pre-litigation entries related to FOIA were essentially time spent evenly on the CBP and DEA FOIA requests, since the requests were identical and the submission process was essentially the same. In addition, once the litigation began, the FOIA aspects of the case were again the same – both agencies refused to turn over records prior to litigation, turned over new records during the litigation, and my work was to determine how to respond to both agencies intransigence during the litigation. To the extent there is any ambiguity on whether my billable entries during the litigation were related to DEA or CBP, these time entries should be considered essentially 50/50 since the time was the same on both Defendants.

**(d) Block Billing and Vague Billing Allegations**

Defendants have argued that more than half of my time entries should be eliminated due to allegations of block billing, vague billing, and other reasons. *See* Defendants' Document 59-3, pages 21-81. I have already addressed the issue of pre-litigation FOIA time above. Beyond that, the Government makes the following objections:

(i) Block billing. This is the most common objection by the government to my billing.

4

However, I did not block bill. In most of these allegedly block billed entries, there are specific times broken out within the time entry to show how much time was spent on each task. For example, the entry on March 2, 2021 states "review of press release on FOIA request and litigation process (0.3), review of final draft of FOIA, Zoom with co-counsel Hartney on process going forward, edits to FOIA, em to co co counsel Hartney with edits." The full time entry was 1.3 hours. Reading my bill correctly would mean that 0.3 hours was spent on the first task (review of press release), then all the other integrally interrelated tasks were 1 hour. This is not block billing. One hour to review and edit the FOIA document and discuss these edits with co-counsel is one related task. Other objections, such as the objection based on block billing for the March 9, 2021 entry are on entries for 0.1 – and there are no smaller blocks of time to record. Other objections to block billing, such as my April 14, 2021 entry, specifically designate out all the time within the description of services. I note that my bills consist of 60 pages of the 168 total pages between 5 lawyers, so clearly I had the most voluminous entries of any lawyer in the case. Each of the billing entries is a related task and therefore not block billed. As the 9th Circuit has noted, some block billing is not inappropriate per se when the party seeking fees meets the basic requirements of "listing his hours and identifying the general subject matter of his time expenditures." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). Because all of my entries are for related tasks, these are permissible under Local Rule 54.2. Therefore, none of my time should be excluded as block billed. I kept detailed, contemporaneous time entries with a billing system based on specific related tasks

5

DECLARATION OF SEAN MCALLISTER (22CV1004-PHX-SRB)

and I should be compensated for my time.

(ii) Vague entries. Defendants object to numerous entries claiming they are vague, but that's incorrect. For example, Defendants object to my entry on April 19, 2021 described as "email to DEA on FOIA." This email followed the FOIA request to DEA and I emailed the agency on the status of the request. There is no vagueness in this request or others like it. It is obvious from the billing entry and the context of the case what these allegedly vague entries were about.

(iii) Defendants complain that time spent on reviewing Plaintiffs' IRS 501(c)(3) application should not be billable and is unrelated to the litigation. As my billing records reflect, the review of these documents occurred while the litigation was active and the review was done solely to determine if the IRS application was consistent with the claims and representations made in litigation. A sloppy or inconsistent filing in the IRS application absolutely could have been used against Plaintiffs in the litigation. Therefore, this work should be compensable, just like work to review Plaintiffs' discovery disclosures or any other government disclosure in litigation is compensable.

(iv) Defendants complain that work finding, retaining, and working with experts early in the case should not be compensated. This is a bizarre claim. In 25 years as a lawyer, I always determine and identify experts early in the case to know how I'm going to prosecute my case. Also, complaints that Plaintiffs were still talking to experts during the time when the parties were considering settlement are also unfounded. During that time, there was no guarantee the parties would reach settlement and there were pending discovery deadlines shortly after the expiration

6

DECLARATION OF SEAN MCALLISTER (22CV1004-PHX-SRB)

of discovery extension agreement in the fall of 2023. I also note there was no agreement the parties would stop all work on the case, only that they wouldn't conduct any formal discovery in the fall of 2023 and Plaintiffs honored that agreement.

(v) Similarly, Defendants object to my work such as prepping the Plaintiffs for depositions before the depositions had been formally noticed. However, Plaintiffs had never been involved in litigation in their lives and wanted to prepare as much as possible for what was coming. This is an intimidating process for novice plaintiffs. At the time this work was done in the spring of 2023, there was no indication the parties were headed toward settlement. Depositions likely would have been in the fall of 2023, so this was the perfect time to begin prepping these inexperienced clients for a possible deposition. There was nothing improper about being diligent and prepared in this case.

(vi) A significant amount of billing in this case was the result of the Defendants' counsel's repeated failure to timely respond to Plaintiffs' requests. Defendants' counsel consistently over promised and under delivered in terms of responses, draft documents, discovery responses, etc. I have never seen in 25 years as a lawyer this level of slow or no response by a government lawyer. Objections to Plaintiffs' drafting a settlement agreement when Defendants' lawyer promised to do it, but never did in a timely manner, are misplaced. Plaintiffs were always pushing to litigate or resolve the case and what I saw was Defendants counsel consistently pushing to slow down or delay the case. Therefore, objects such as these are unfounded.

7

DECLARATION OF SEAN MCALLISTER (22CV1004-PHX-SRB)

## II. Authentication of Exhibits

I certify by this declaration that all of my Exhibits to my fee declarations are accurate and authentic copies of the original documents themselves to the best of my knowledge.

## III. New Hours Since the Filing of the Fee Motion

First, please note there was an error in my original declaration supporting my fee request, stating I was only seeking compensation for 223.4 hour, when in fact the 223.4 hours was the number of hours I have written off. As my time sheet shows, in my initial declaration, I was seeking compensation for 322.5 hours in my initial declaration. Since the filing of Plaintiffs' initial Fee Motion, I have spent the following additional attorney time on this case:

1. June 17, 2024, 0.8 hours, reviewing declarations for initial Fee Motion in support of my fees and sending final declarations to team for filing

2. July 1, 2024, 0.3 hours, emails from legal team on fee recovery case law, and import permit issues for client as client prepares to import ayahuasca

3. July 2, 2024, 1 hour, review of government response on Fee Motion, review of our FOIA reply section, em to team on FOIA reply section

4. July 2, 2024, 1.2, review and revise FOIA fees argument for reply brief (0.5), phone call with Hartney on how to respond to government's FOIA arguments

5. July 3, 2024, 2.5 hours, drafting declaration responding to government's complaints about my billing for reply brief

6. July 3, 2024, 0.5 hours, revision of FOIA fee entitlement argument for reply brief

7. July 5, 2024, 1.2 hours, final revision of my declaration and filing materials for reply brief

This additional time totals 7.5 hours, billed at $650 per hour, adds an additional $4875 to my prior

fee request. Therefore, the total fee request is now 334.6 hours at a rate of $650 per hour, with an enhancement of 50%, for a total of $326,235.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on this 5th day of July, 2024 in Denver, Colorado.

_____
SEAN T. MCALLISTER