Jack Silver, *pro hac vice*
Law Office of Jack Silver
California State Bar No. 60575
708 Gravenstein Hwy North, Suite 407
Sebastopol, CA 95472-2808
JsilverEnvironmental@gmail.com
(707) 528-8175
(707) 829-0934 (fax)

Gilbert Paul Carrasco, *pro hac vice*
Cal. Bar No. 90838
D.C. Bar No. 334722
Professor of Law *Emeritus*
Willamette University College of Law
900 Pacific Coast Highway, Suite # 305
Huntington Beach, CA 92648-4863
(503) 990-4879
carrasco@willamette.edu

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| The Church of The Eagle and the Condor, et al, <br><br> Plaintiffs, <br> v. <br><br> Merrick Garland, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01004-PHX-SRB <br><br> **MOTION TO INCORPORATE SETTLEMENT AGREEMENT IN ORDER AND FOR RETENTION OF JURISDICTION** <br><br> **Oral Argument Requested** |

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.   INTRODUCTION ................................................................................................. 1

II.  Defendants have Implicitly Agreed to the Objectives of this Motion ........................ 1

III. None of the Grounds for Judicial Refusal to Approve a Settlement Agreement Applies to this Case .................................................................................................. 3

IV.  Incorporation into an Order and Retention of Jurisdiction are Essential Terms of the Settlement Agreement ................................................................................... 5

V.   CONCLUSION ..................................................................................................... 8

egin

# TABLE OF AUTHORITIES

**Cases**

*Callie v. Near*,
   829 F. 2d 888 (9th Cir. 1987)..................................................................................... 4

*Carbonell v. I.N.S.*,
   429 F. 3d 894 (9th Cir. 2005)....................................................................................2,7

*Dacanay v. Mendoza*,
   573 F.2d 1075 (9th Cir. 1978) ..................................................................................... 2

*Diaz v. First Am. Home Buyers Prot. Corp.*,
   732 F. 3d 948 (9th Cir. 2013)...................................................................................... 4

*Facebook, inc. v. Pac. Northwest Software, Inc.*,
   640 F. 3d 1034 (9th Cir. 2014)................................................................................... 7

*Frew v. Hawkins*,
   540 U.S. 431 (2004) .................................................................................................. 3

*FTC v. Enforma Natural Prods., Inc.*,
   362 F. 3d 1204 (9th Cir. 2004)................................................................................... 4

*Golden v. Emergency Physicians Medical Group*,
   782 F. 3d 1083 (9th Cir. 2015)................................................................................... 6

*Hensley v. Alcoa Labs, Inc.*,
   277 F.3d 535 (4th Cir. 2002)...................................................................................... 2

*In re Masters Mates & Pilots Pension Plan*,
   957 F. 2d 1020 (2d Cir. 1992).................................................................................... 3

*Int'l Longshoremen's Ass'n v. Phil. Marine Trade Ass'n*,
   389 U.S. 64 (1967) .................................................................................................... 4

*K.C. v. Torlakson*,
   762 F. 3d 963 (9th Cir. 2014)..................................................................................... 7

*Kokkonen v. Guardian Life Insurance Company of America*
   11 U.S. 375 (1994)...................................................................................................2,7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*,
   624 F. 3d 1083 (9th Cir. 2010).................................................................................... 1

*Lynch v. Samata Mason, Inc.*,
   279 F. 3d 487 (7th Cir. 2002) ..................................................................................... 4

*Montgomery v. Aetna Plywood, Inc.,*
   231 F. 3d 399 (7th Cir. 2000)...................................................................................... 8

*Myers v. Richland County*,
   429 F. 3d 740 (8th Cir. 2005)...................................................................................... 8

*Portland Feminist Women's Health Ctr. V. Advocates for Life, Inc.*,
   859 F. 2d 681 (9th Cir. 1988) ..................................................................................... 4

*Roman-Oliveras v. Puerto Rico Elec. Power Auth.*,
   797 F. 3d 83 (1st Cir. 2015)........................................................................................ 2

*Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*,
   574 F. 3d 1059 (9th Cir. 2009)............................................................................. 1,2,7

*Sansom Comm. v. Lynn*,
   735 F. 2d 1535 (3d Cir. 1984)..................................................................................... 3

*Smyth v. Rivero*,
   282 F. 3d 268 (4th Cir. 2002)...................................................................................... 2

*TNT Mktg. v. Agresti*,
   796 F. 2d 276 (9th Cir. 1986)...................................................................................... 8

*United States v. City of Miami*,
   664 F.2d 434 13 (5th Cir. 1981).................................................................................. 3

*United States v. Hudson,*
   7 Cranch 32 (1812).................................................................................................... 7

*United States v. Int'l Bhd. Of Teamsters*,
   970 F. 2d 1132 (2d Cir. 1992).................................................................................... 3

*United States v. Lexington Fayette Urban County Gov't*,
   591 F. 3d 484 (6th Cir. 2010)...................................................................................... 3

*Wang Labs., Inc. v. Applied Computer Scis., Inc.*,
   958 F. 2d 355 (Fed. Cir. 1992) ........................................................................................ 4

*William Keeton Enters., Inc. v. A All Am. Strip-O-Rama*, *Inc.*,
   74 F. 3d 178 (9th Cir. 1996) ........................................................................................... 4

**Statutes**

33 U.S.C. § 1365(d) ............................................................................................................ 7

**Federal Rules**

Fed. R. Civ. Proc. 5(d)(2)(C) ............................................................................................. 4

Fed. R. Civ. Proc. 41(a)(1) ................................................................................................. 3

Fed. R. Civ. Proc. 65(d) ..................................................................................................... 4

Plaintiffs, The Church of the Eagle and the Condor, an Arizona Religious Corporation, on its own behalf and on behalf of its members, Joseph Tafur, M.D., individually and as Spiritual Leader of The Church of the Eagle and the Condor, Belinda Eriacho, M.P.H., Kewal Wright, Benjaman Sullivan, and Joseph Bellus, (Plaintiffs) hereby respectfully move this Court for an Order requiring the parties to comply with the Settlement Agreement that they have executed and to retain jurisdiction to enforce the Settlement Agreement according to its terms. This Motion is supported by the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In its Order (Doc. 69) of July 30, 2024, this Court concluded that Plaintiffs satisfy two of the three requirements for settlement agreements: that it reflected a "material alteration of the legal relationship between the parties" and "actual relief on the merits of [the plaintiff's] claims," but that it does not meet the "judicial enforcement" criterion (Doc. 69, at 2) (citing *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F. 3d 1083, 1089 (9th Cir. 2010), quoting *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F. 3d 1054, 1059 (9th Cir. 2009)). This Motion is intended to establish that Defendants have agreed to the objectives of this Motion, that none of the grounds for judicial refusal to approve a settlement agreement applies to this case, and that incorporation of the Settlement Agreement into an Order and retention of jurisdiction are essential terms of the Settlement Agreement without which the Parties have no Agreement.

### II.  DEFENDANTS HAVE IMPLICITLY AGREED TO THE OBJECTIVES OF THIS MOTION

Plaintiffs and Defendants have always agreed that the Settlement Agreement would be judicially enforceable,[1] and the terms of the Settlement Agreement explicitly provide

---

[1] This Court also acknowledges that the Settlement Agreement is judicially enforceable. Doc. 69, at 2.

1

for judicial enforcement. *See* Settlement Agreement, Doc. 51-2, at ¶¶ 59, 86, 88, 91.[2]

Moreover, the Parties have agreed to enforcement of the Settlement Agreement by *this* Court. Doc 51-2, at ¶ 86 ("the Parties agree that jurisdiction is retained by and venue is proper in the United States District Court for the District of Arizona"). Given these provisions, it is clear Defendants have already agreed to the objective of this Motion – that the settlement is judicially enforceable and binding.

Incorporation of the Settlement Agreement into an Order clearly satisfies the requirement of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994) (explaining in contrast to the present case that "The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the Settlement Agreement; indeed, it did not so much as refer to the settlement agreement"). The Defendants should not be heard to object to that to which they have already agreed. *Saint John's Organic Farm*, 574 F. 3d 1054, 1059 (9th Cir. 2009) ("The Agreement specifically provided that its terms would be enforceable by the district court").

Defendants attempt to relegate Plaintiffs' position to a mere contractual party and the Settlement Agreement to a purely private settlement. Doc. 59, at 11. *Kokkonen*, at 381, however, distinguished such private agreements from "dismissal-producing settlement agreements." The distinction was explicated further by *Carbonell v. I.N.S.*, 429 F. 3d 894, 901 (9th Cir. 2005): "A court's responsibility to ensure that its orders are fair and lawful stamps an agreement that is made part of an order with judicial *imprimatur*" (quoting *Smyth v. Rivero*, 282 F. 3d 268, 282 (4th Cir. 2002).

Courts have inherent power to enforce settlements in cases pending before them. *Dacanay v. Mendoza*, 573 Fd 1075, 1078 (9th Cir. 1978); *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 797 F. 3d 83, 86 (1st Cir. 2015); *Hensley v. Alcoa Labs, Inc.,* 277 F.3d

---

[2] This Court's Order, Doc. 69, at 2, quotes Defendants' Response (Doc. 59, at 10), stating "Plaintiffs and Defendants 'agreed that neither side was admitting or conceding they prevailed when they settled the case.'" The Court adopted this mischaracterization of the Agreement. There is no such agreement to this proposition anywhere in the Settlement Agreement.

2

535, 540 (4th Cir. 2002). So long as the pleadings state a claim within federal subject matter jurisdiction and the settlement is "within the general scope of the case made by the pleadings," the judgment can grant whatever relief is agreed to by the parties. *Sansom Comm. v. Lynn*, 735 F. 2d 1535, 1538 (3d Cir. 1984). The gravamina of the Complaint were hardly "barely colorable claims," as Defendants suggest, Doc. 59, at 8, and, if they were, Defendants surely would not have suggested settlement. The Settlement Agreement furthers "the objectives upon which the complaint was based," *Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

## III.   NONE OF THE GROUNDS FOR JUDICIAL REFUSAL TO APPROVE A SETTLEMENT AGREEMENT APPLIES TO THIS CASE

Plaintiffs acknowledge that this Court is authorized though not required to "embody" a settlement agreement into a dismissal order pursuant to Fed. R. Civ. Proc. 41(a)(1). Doc. 69, at 4 n.1. Plaintiffs are not seeking a dismissal here. The Settlement Agreement is one that this Court would approve. *United States v. Int'l Bhd. Of Teamsters*, 970 F. 2d 1132, 1137 (2d Cir. 1992); *In re Masters Mates & Pilots Pension Plan*, 957 F. 2d 1020, 1026 (2d Cir. 1992).

The criteria that apply to whether there should be judicial approval of a proposed Order are whether it is "fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Lexington Fayette Urban County Gov't*, 591 F. 3d 484, 489 (6th Cir. 2010). *See also United States v. City of Miami*, 664 F.2d 434, 440 n. 13 (5th Cir. 1981) ("The trial court in approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy, but need only determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties. Objectors must be given reasonable notice and their objections heard and considered"). There is no basis to conclude that Plaintiffs and Defendants object to the Settlement Agreement on any of these or on any other grounds. With respect to the public interest, the Settlement Agreement vindicates civil rights and furthers judicial economy.

An equitable decree compelling obedience is an injunction within Rule 65(d). *Int'l Longshoremen's Ass'n v.Phil.Marine Trade Ass'n*, 389 U.S. 64, 75 (1967); therefore, the agreement and court Order enforcing it must meet the requirements of Rule 65(d) for injunctive relief. The Settlement Agreement meets these requirements because it describes in reasonable detail the specific conduct to be enjoined and the reasons for issuing the injunction. *William Keeton Enters., Inc. v. A All Am. Strip-O-Rama, Inc.*, 74 F. 3d 178, 182 (9th Cir. 1996) (*per curiam*). An injunctive Order binds the party against whom it is entered -- as well as that party's officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d). People who act in concert or otherwise participate with the party will be bound as well. Fed. R. Civ. P. 65(d)(2)(C); *Portland Feminist Women's Health Ctr. V. Advocates for Life, Inc.*, 859 F. 2d 681, 684, 687 (9th Cir. 1988).

This Settlement Agreement is not an "unaccepted settlement offer." *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F. 3d 948, 954 (9th Cir. 2013). There is no question as to its terms because it was put in writing. *Lynch v. Samata Mason, Inc.*, 279 F. 3d 487, 489-90 (7th Cir. 2002) (magistrate judge's recollection of terms of oral settlement sufficient for enforcement). Because the Settlement Agreement is in written form, there is no question whether it is a completed agreement or whether the parties intended to be bound by its terms. *Wang Labs., Inc. v. Applied Computer Scis., Inc.*, 958 F. 2d 355, 359 (Fed. Cir. 1992).

"It is well-settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.... Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near*, 829 F. 2d 888, 890 (9th Cir. 1987). The Court should inform the parties of any concerns regarding a proposed settlement agreement and give them an opportunity to address them. *FTC v. Enforma Natural Prods., Inc.*, 362 F. 3d 1204, 1218 (9th Cir. 2004). Plaintiffs do not believe that there are any terms in dispute, but the Defendants seem to dismiss the fact that "the parties have agreed that this Court will retain jurisdiction to enforce the Settlement Agreement" (Doc. 59, at 11, referring to ¶ 91.c) and

4

belittle it as a "run-of-the-mill dispute-resolution provision." *Ibid.* It is to this provision and to others that contemplate the Court's *imprimatur* that we now turn.

## IV. INCORPORATION INTO AN ORDER AND RETENTION OF JURISDICTION ARE ESSENTIAL TERMS OF THE SETTLEMENT AGREEMENT

As referenced above, there are several essential provisions in the Settlement Agreement that contemplate this Court's oversight and jurisdiction. Plaintiffs have attempted to minimize the Court's involvement as much as possible because counsel realize that there is only judicial economy in the settlement of a case if the Court spends less time on it on enforcement questions than if it were to go to trial. Consequently, the Court's oversight is only triggered after mediation fails.

Enforcement by this Court is reflected in three provisions of the Settlement Agreement. They provide as follows (Doc. 51-2):

¶ 86: "<u>Venue and Jurisdiction</u>: The parties agree that any dispute arising between and among the parties to this Agreement shall be resolved pursuant to the dispute resolution procedures specified in Article IX of this Agreement. If such procedures do not resolve the dispute, the parties agree that jurisdiction is retained by and venue is proper in the United States District Court for the District of Arizona for its resolution."

This provision is a recognition that questions that arise under the Religious Freedom Restoration Act of 1993 must ultimately be *judicially* decided if rights under the statute are not respected. "(c) Judicial relief. A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." § 2000bb-1. Moreover, this provision of the Settlement Agreement ensures that *this Court* resolve disputes under the Agreement, not the Court of Claims or some other court, as Defendants suggest (Doc 59, at 11). Plaintiffs never agreed to transform the settlement of this case into a simple contract, and it is very clear that Plaintiffs deem retention of jurisdiction by this Court of utmost importance.

¶ 88: "Once this Settlement Agreement is signed by the Parties, the Parties will file a Notice of Settlement with the Court. After filing the Notice of Settlement, the parties have 60 days to negotiate attorneys' fees and costs. If, after 60 days, the Parties have not come to an agreement on attorneys' fees and costs, that issue will be submitted to the Court on a motion by Plaintiffs. Should such a motion be necessary, nothing in this Agreement shall preclude either party from attaching this Settlement Agreement to the Motion."

It has always been clear to Plaintiffs that Defendants intended to pay attorneys' fees and costs, and several documents reflect that, including this provision of the Settlement Agreement. For the first time, in their Opposition to Plaintiffs' Motion for Attorneys' Fees (Doc. 59, at 7), Defendants revealed their position that "Plaintiffs are not entitled to *any* fees." This brings to mind what Judge Kozinski said in *Golden v. Emergency Physicians Medical Group*, 782 F. 3d 1083, 1092 (9th Cir. 2015): "But I can see no justification for allowing this remote contingency to serve as an excuse for Dr. Golden to finagle his way out of his contract and deprive his lawyer of the fee he has earned" (Kozinski, dissenting).

¶ 91: "Subject to paragraph 25 of this Agreement and the Religious Freedom Restoration Act, disputes between the Parties concerning any alleged breach of this Agreement shall be subject to the following dispute resolution procedures.

"c. If the dispute is not resolved by the Parties through mediation, either Party may apply to the U.S. District Court for relief, which shall retain jurisdiction solely for this purpose."

This provision is also governed by ¶ 86, which governs "any dispute" and further provides that "the Parties agree that jurisdiction is retained by and venue is proper in the United States District Court for the District of Arizona for its resolution."

The simple fact is that these three provisions are essential terms of this Settlement Agreement and without which the Parties have no settlement. It is, therefore, before the Court whether the Settlement Agreement is incorporated into an Order to ensure that the provisions relating to retention of jurisdiction and the other terms of the Agreement are enforceable by this Court, as the Parties have agreed. The Court has the power to adjudicate

disputed issues of fact relating to the settlement, such as whether there was a meeting of the minds, whether the agreement was authorized, or whether grounds for rescission exist. *See Facebook, inc. v. Pac. Northwest Software, Inc.*, 640 F. 3d 1034, 1038 (9th Cir. 2014).

We respectfully request this Court to consider *Saint John's Organic Farm*, 574 F.3d at 1059, which was quoted with approval in this Court's recent Order (Doc. 69, at 2). On that same page the U.S. Court of Appeals for the Ninth Circuit observed: "First, we conclude that the terms of the Agreement are judicially enforceable. The Agreement specifically provided that its terms would be enforceable by the district court. Pursuant to the Agreement, the district court's order dismissing Dill's complaint provided, 'The Court expressly retains jurisdiction over the matter for the purposes of (i) enforcing the Settlement Agreement entered into between the parties and the terms of the Settlement Agreement are incorporated herein by reference and (ii) deciding any applications for attorney fees and costs pursuant to 33 U.S.C. § 1365(d).' Binding settlement agreements over which the district court retains jurisdiction to enforce are judicially enforceable. *Richard S. [v. Dep't of Developmental Servs.*], 317 F. 3d [1080,] at 1088 [9th Cir. 2003]."

The Settlement Agreement before the Court has the same provisions. Plaintiffs are now asking the Court to "place[] its stamp of approval on the relief obtained." *Carbonell*, 429 F. 3d 894, 901 (9th Cir. 2005).

Plaintiffs request the Court to incorporate the Settlement Agreement into an Order. By doing so, breach of the Settlement Agreement violates the Court's Order, thereby creating ancillary enforcement jurisdiction to enforce the Agreement. *Kokkonen*, 511 U.S. at 381; *K.C. v. Torlakson*, 762 F. 3d 963, 967 (9th Cir. 2014). Ancillary jurisdiction enables a federal court to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80 (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812)).

Retention of jurisdiction goes hand in hand with incorporation of the Settlement Agreement into an Order. When a district court has retained jurisdiction to enforce a Settlement Agreement, federal jurisdiction exists over either a motion to enforce the

7

settlement in the original action or a new federal action alleging breach of the Agreement. *Myers v. Richland County*, 429 F. 3d 740, 747 (8th Cir. 2005); *Montgomery v. Aetna Plywood, Inc.* 231 F. 3d 399, 411 (7th Cir. 2000). The Court has power to order specific performance of the Settlement Agreement. *TNT Mktg. v. Agresti*, 796 F. 2d 276, 278 (9th Cir. 1986).

## V. CONCLUSION

In conclusion, Plaintiffs respectfully request this Court to give the intended effect to the Settlement Agreement. It is clear that the Parties agreed that this Court would retain jurisdiction to enforce the Agreement should mediation be unavailing. To effectuate retention of jurisdiction, it is necessary for the Court to incorporate the Settlement Agreement into an Order. The Plaintiffs agreed to nothing less, and the Defendants should be held to the letter of the Agreement.

Respectfully submitted this 12th day of August, 2024.

*s/ Jack Silver*
Jack Silver, *pro hac vice*
Cal. Bar No. 160575
Law Office of Jack Silver
708 Gravenstein Hwy No. # 407
Sebastopol, CA 95472-2808
JsilverEnvironmental@gmail.com
Tel: (707) 528-8175
Fax: (707) 829-0934

*s/ Gilbert Paul Carrasco with permission*
Gilbert Paul Carrasco, *pro hac vice*
Cal. Bar No. 90838
D.C. Bar No. 334722
Professor of Law *Emeritus*
Willamette University College of Law
900 Pacific Coast Highway, Suite # 305
Huntington Beach, CA 92648-4863
(503) 990-4879
carrasco@willamette.edu

<u>*s/ Sean T. McAllister with permission*</u>
Sean T. McAllister, Esq., *pro hac vice*
Colo. Bar No. 31350
Cal. Bar No. 310962
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
sean@mcallisterlawoffice.com
Tel: 720-448-6235

<u>*s/ Martha J. Hartney with permission*</u>
Martha J. Hartney, Esq., *pro hac vice*
Colo. Bar No. 42017
Hartney Law, LLC
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
martha@hartneylaw.com
Tel: (303) 747-3909
Fax: (303) 835-7199

<u>*s/ Ismail Lourido Ali with permission*</u>
Ismail Lourido Ali, Esq., *pro hac vice*
Cal. Bar No. 312660
2134 10th Avenue, A
Oakland, CA 94606
Tel. (559) 801-7317
Lourido.ali@gmail.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 514-8640
E-mail: giselle.barcia@usdoj.gov

                                      *s/ Jack Silver*
                                      Jack Silver, *pro hac vice*
                                      Law Office of Jack Silver