Jack Silver, *pro hac vice*
Law Office of Jack Silver
California State Bar No. 60575
708 Gravenstein Hwy North, Suite 407
Sebastopol, CA 95472-2808
JsilverEnvironmental@gmail.com
(707) 528-8175
(707) 829-0934 (fax)

Gilbert Paul Carrasco, *pro hac vice*
Cal. Bar No. 90838
D.C. Bar No. 334722
900 Pacific Coast Highway, Suite 305
Huntington Beach, CA 92648-4863
(503) 990-4879
carrasco@willamette.edu

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

The Church of The Eagle and the Condor, *et al.*,

Plaintiffs,

v.

Merrick Garland, *et al.*,

Defendants.

Case No. 2:22-cv-01004-PHX-SRB

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO INCORPORATE SETTLEMENT AGREEMENT IN ORDER AND FOR RETENTION OF JURISDICTION**

**Oral Argument Requested**

**TABLE OF CONTENTS**

I. DEFENDANTS' MANY MISREPRESENTATIONS MAKE IT CLEAR THAT THIS COURT SHOULD GRANT THE MOTION ........................................ 1

II. THE PREDICATE FOR DISMISSAL HAS NOT BEEN SATISIFIED.................... 9

III. CONCLUSION............................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*California v. LaRue*,
409 U.S. 109 (1972) .......... 3

*Dacanay v. Mendoza*,
573 F. 2d 1075 (9th Cir. 1978) .......... 9

*Harps v. Cnty. of Los Angeles*,
8 F. App'x 771 (9th Cir. 2001) .......... 7

*In re Suchy*,
786 F. 2d 900 (9th Cir. 1985) .......... 4

*In re United Merchants & Mfrs., Inc.*,
623 F.2d 804 (2d Cir.1980) .......... 7

*P.N. v. Seattle School District*,
474 F. 3d 1165, 1173 (9th Cir. 2007) .......... 1

*Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*,
574 F.3d 1054 (9th Cir. 2009) .......... 6

*U.S. v. International Brother. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*,
970 F.2d 1132 (2d Cir. 1992) .......... 8

*Willy v. Coastal Corp.*,
451 U.S. 131 (1992) .......... 3

**STATUTES**

42 U.S.C. § 2000bb-1 .......... 8

**FEDERAL RULES**

Fed. R. of Evid. 408 .......... 2,3,4,5

**I. DEFENDANTS' MANY MISREPRESENTATIONS MAKE IT CLEAR THAT THIS COURT SHOULD GRANT THE MOTION**

Plaintiffs cannot allow the misrepresentations of Defendants to go unanswered in this action. They go to the heart of this case and bear directly on this Motion. Defendants' repeated and serious allegations that the pending Motion is "frivolous" does not make it so (Defs.' Req. for Ext., Doc. 71, at 1; Defs.' Opp., Doc. 73, at 1). Defendants have not supported their assertion that the Motion is "frivolous" with anything other than drama ("unusual," "stunning," "gambit," "highly suspect," "feigned bewilderment," "hail-Mary" [sic], "full stop," "curiously," "puzzling," "purported surprise," "wrongly feign surprise," "subvert," "whimsical" (*id.* at 1-6 & n.2). On the contrary, the pending Motion demonstrates that the Plaintiffs reflected on this Court's Order (Doc. 69) and gave it due respect. We count 19 misrepresentations, not including subparts.

Misrepresentation # 1: There are "no remaining issues in dispute in this case" (Doc. 73, at 4). If there were no remaining issues in dispute, this Motion would have been unnecessary. The very essential question of whether this Court will retain jurisdiction to oversee disputes that arise in the enforcement of the Settlement Agreement remains to be resolved. This is the only way the intent of the Parties in the Settlement Agreement can be effectuated.

Misrepresentation # 2: "Plaintiffs request that the Court incorporate the terms of the parties' settlement agreement into an order, despite that nothing in the text of the agreement itself nor anything in the parties' negotiating history supports this result" (Doc. 73, at 4). As specified in Plaintiffs' Motion (Doc. 70, at Part IV, 5-8), the text of the Agreement *does* contemplate incorporation of the terms of the Agreement into an Order because that is the predicate to the retention of jurisdiction by this Court. Unlike the Settlement Agreement in *P.N. v. Seattle School District*, 474 F. 3d 1165, 1173 (9th Cir. 2007), the Settlement Agreement in the instant case *does* "contemplate judicial enforcement" and, as explained in the pending Motion, judicial enforcement by *this Court* (Doc. 70, at 5, quoting ¶ 86 of Settlement Agreement, Doc. 51-2). Here, defendants also refer to the substance of

settlement negotiations, which is the first of several such violations of FRE 408.[1] Although Plaintiffs could contradict this representation of settlement discussions, this Rule precludes such use. If this Court orders disclosure of Rule 408 communications, Plaintiffs will comply.

Misrepresentation # 3: "Plaintiffs ignore the agreement's text, which makes clear that it fully integrates the entirety of the parties' accord and which states that Plaintiffs must dismiss this case without further action from the Court" (Doc. 73, at 4). There are two misrepresentations in this sentence. Plaintiffs have not ignored the Agreement's text; rather, Plaintiffs have considered the text carefully and seek to have it enforced, most importantly the provisions regarding retention of jurisdiction. This Court's oversight is critical to Plaintiffs' ongoing freedom of religious exercise in the event that federal officials overstep their responsibilities under the Agreement.

As will be explained further in Part II of this Reply, the predicate for dismissal of this case has not been satisfied. *See* Settlement Agreement, Doc. 51-2, ¶ 94; Doc. 50 (Order of April 17, 2024). There is nothing in any Order or in the Settlement Agreement that compels Plaintiffs to dismiss this case without further action from the Court.

Misrepresentation # 4: "[L]acking any support from the agreement itself, Plaintiffs stunningly assert in a court filing that 'Defendants have implicitly agreed to the objectives of this motion,' when Plaintiffs failed even to confer on the motion before filing it; when,

---

[1] FRE 408 -

**a) Prohibited Uses.** Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

**(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and

**(2)** conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

in any event, the relief requested appears nowhere in the parties' agreement; and where Defendants, in numerous conversations and in writing, made clear to Plaintiffs that they would never agree to the sort of request they make here" (Doc. 73, at 4). There are five distinct misrepresentations in this sentence. First, the text of the agreement itself specifically supports retention of jurisdiction by the U.S. District Court for the District of Arizona (Doc. 70, at 5, quoting ¶¶ 86, 88, & 91, Doc. 51-2. Second, Defendants contravene the proposition that they have implicitly agreed to the objectives of the pending Motion, notwithstanding the fact that they, too, signed the Agreement, which specifically contemplates retention of jurisdiction. Third, Defendants claim that the Plaintiffs failed to meet and confer before filing the instant Motion, implying some impropriety, when there was no duty to do so. Fourth, Defendants assert that "the relief requested appears nowhere in the parties' agreement" even though retention of jurisdiction specifically appears in three distinct paragraphs. *Ibid.* Fifth, Defendants misrepresent what took place in settlement negotiations, again in violation of FRE 408, as they do throughout their Response. Doc. 73, at 4, 5, 6, 9 n.2, 10.

Misrepresentation # 5: Although Defendants accuse Plaintiffs of inviting the Court "to rewrite the final agreement" (Doc. 73, at 4), in fact it is Defendants who are asking this Court to disregard essential terms of the Agreement regarding retention of jurisdiction. Defendants' hand-waving cannot make the retention clauses magically disappear.

Misrepresentation # 6: "[T]he Court's limited jurisdiction to hear disputes arising from performance under the agreement is already incorporated within and circumscribed by the agreement itself" (Doc.73, at 4). Reference in a Settlement Agreement to retention of jurisdiction, however, does not operate to confer jurisdiction without more. It is black letter law that parties to a case cannot confer jurisdiction by stipulation. *California v. LaRue*, 409 U.S. 109, 112 & n.3 (1972). Courts have limited jurisdiction and can only exercise jurisdiction that has been conferred by the Constitution, provided by a statute, or pursuant to an Order. *Willy v. Coastal Corp.*, 451 U.S. 131, 136-37 (1992). It is therefore necessary for the Court to incorporate the Settlement Agreement into an Order, thereby

retaining jurisdiction over its enforcement. Furthermore, Plaintiffs have not sought a final order of dismissal, and this Court has inherent power to enforce an Agreement in settlement of litigation before it. *In re Suchy*, 786 F. 2d 900, 902-03 (9th Cir. 1985).

Misrepresentation # 7: "Plaintiffs' attempt to subvert the parties' agreement and an adverse judicial ruling is clearly improper" (Doc. 73, at 4). Plaintiffs seek not to subvert nor alter the Agreement but to effectuate it. Plaintiffs also do not file this Motion to subvert this Court's ruling, but out of respect for it.

Misrepresentation # 8: "During this negotiation period, Plaintiffs made the strategy call to withhold their demand for attorneys' fees until after the substantive agreement was signed" (Doc. 73, at 5). Defendants here purport to know what Plaintiffs' strategy was. Simply put, it was Plaintiffs' position that negotiation of fees before consummating an agreement on the merits would be putting the cart before the horse. Again, Defendants are referencing an incorrect representation of the negotiations in violation of FRE 408.

Misrepresentation # 9: "Plaintiffs specifically agreed without condition, that upon resolution of the fee question (via settlement or court order), that they would dismiss the case with prejudice. Id. ¶ 94" (Doc. 73, at 5). This is not what the Agreement says, nor is it what this Court's Order relating to it says. Doc. 51-2, ¶ 94 ("Within fifteen (15) days of the receipt of the payment described in Paragraph 88, Plaintiffs shall dismiss this case with prejudice"); Doc. 50 ("in accordance with the parties' settlement agreement, Plaintiffs shall move to dismiss this case with prejudice within fifteen (15) days of the receipt of any payment of attorneys' fees"). This is explained further in Part II of this Reply.

Misrepresentation # 10: "The relief they now instead request is squarely contrary to, and in violation of, the parties' binding agreement" (Doc. 73, at 5). The relief sought in the instant Motion is in no way, shape, or form in "violation" of the Agreement, but is squarely contemplated by the specific language of it as it relates to retention of jurisdiction.

Misrepresentation # 11: "Even though nothing in the agreement contemplates that the Court incorporate the existing agreement into a separate a court order that is enforceable as matter of judicial oversight, Plaintiffs insist that the Court *should* do so, for specious

reasons" (Doc. 73, at 2). On the contrary, the Agreement specifically refers to retention of jurisdiction in at least three different paragraphs. Doc. 51-2, ¶¶ 86, 88, & 91. Such retention, therefore, necessitates incorporation of the Agreement into a Court Order.

Misrepresentation # 12: "The agreement itself makes clear that there was never a mutual intent to convert the text of the settlement agreement into a separately enforceable judicial order" (Doc. 73, at 2). The signatories to the Agreement clearly intended and agreed on retention of jurisdiction, which necessitates an enforceable judicial Order.

Misrepresentation # 13: "Instead, under the agreement's express terms, the only action remaining is that Plaintiffs must dismiss this action with prejudice" (Doc. 73, at 5-6). As will be explained further in Part II, Plaintiffs are under no obligation to dismiss this case.

Misrepresentation # 14: "[T]he parties' negotiating history confirms that Defendants squarely rejected Plaintiffs' requested structure throughout settlement negotiations" (Doc. 73, at 6). This is a clear violation of FRE 408, and Plaintiffs will not engage in the same violation to contravene Defendants' misrepresentations unless ordered to do so by this Court.

Misrepresentation # 15: "The text of the agreement makes clear that the parties did not agree to incorporating the terms of the agreement into an order…. To start, and most significantly, Plaintiffs' notion that the Court should incorporate the settlement into an order is glaringly absent from the agreement text itself…. It is not reflected in the text anywhere and it was never agreed to at all. Plaintiffs' motion flies in the face of the clear integration clause in the agreement" (Doc. 73, at 6-7). The Agreement is clear that the parties intend for this Court to retain jurisdiction, thus necessitating incorporation of the entirety of the Agreement into an Order. Doc. 51-2, ¶¶ 86, 88, & 91. The integration clause is entirely consistent with Plaintiffs' position. The text of the Agreement clearly includes what Plaintiffs seek in this Motion.

Misrepresentation # 16: "Instead, the agreement is unequivocal that, upon resolution of the question of fees, there is but one ministerial action that will occur: *Plaintiffs* must

voluntarily dismiss the case…. Rather, by the parties' express agreement, the case should have been closed weeks ago." (Doc. 73, at 7, emphasis in original). Again, this is not what the Agreement says, even though Defendants repeatedly state that it is. The actual language refers to "receipt of the payment," not "resolution of the question." Doc. 51-2, at ¶ 94. Plaintiffs are under no obligation to dismiss this case.

Misrepresentation # 17: "Yet they fail to recognize the opinion's premise and determination that the parties' "[a]greement *specifically provided* that its terms would be enforceable by the district court." *Id.* (emphasis added [by Defendants]). The settlement agreement here absolutely has no such provision" Doc. 73, at 10 (referring to *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009)). But the Settlement Agreement in this case *does* have such terms. Doc. 51-2, ¶ 86, 88, & 91. Moreover, the Ninth Circuit also there observed that "[b]inding settlement agreements over which the district court retains jurisdiction are judicially enforceable." *Ibid.*

Misrepresentation # 18: "To the contrary, the parties settled the underlying claims, agreed to table the unresolved dispute over fees, and agreed that, when the fee issue was resolved, Plaintiffs would dismiss this action. *Id.* ¶ 94" (Doc. 73, at 11). It appears that Defendants believe that stating a misrepresentation repeatedly will transform it into the truth. Paragraph 94 of the Settlement Agreement does not say what Defendants wish it did. Doc. 51-2.

Misrepresentation # 19: "Indeed, even though Plaintiffs pleaded injunctive relief in their original Complaint, they never moved for an injunction and never came close to obtaining that result." Doc. 73, at 12. Although it is true that Plaintiffs never moved for an injunction, this is because it was unnecessary. Plaintiffs obtained every result they could have sought had they filed a motion for an injunction. First, Defendants can no longer arrest, prosecute, or incarcerate Plaintiffs for their religious practices. Second, Defendants can no longer interdict Plaintiffs' sacred medicine or interfere with Plaintiffs' importation of it from abroad. Third, Defendants can no longer prevent Plaintiffs from distributing the

sacrament at ceremony. Fourth, Defendants can no longer arrest, prosecute, or incarcerate Plaintiffs for possession of *ayahuasca* for religious use. And, fifth, Defendants are now prohibited from interfering with Plaintiffs' use and ingestion at sacred ceremonies. A permanent injunction would have accomplished no more than the Settlement Agreement now guarantees.

Defendants' many unmistakable misrepresentations make it clear that Defendants wish to relegate this Settlement Agreement to a simple contract and have this Court ignore the stated intent of the Parties that this Court retain jurisdiction to resolve disputes arising under it. As Plaintiffs stated in Part IV, at 10-13 of the pending Motion (Doc. 70), oversight of this Court and retention of jurisdiction are essential components of the Settlement Agreement. Without them, there is no Agreement.

Defendants would have this Court interpret the Agreement as if ¶¶ 86, 88, 91 did not exist. These provisions are in the Agreement, however, plain as day, and they require an effective retention of jurisdiction by this Court, which, in turn, requires incorporation of the Agreement into a judicial Order. Defendants accuse Plaintiffs of having "buyers' remorse," Doc. 73, at 11, but it is Defendants who project "buyers' remorse," regretting belatedly that they agreed to have this Court retain jurisdiction to enforce the terms of the Settlement Agreement.

Defendants cite *Harps v. Cnty. of Los Angeles*, 8 F. App'x 771, 772 (9th Cir. 2001) for the proposition that basic principles of state contract law should be used in interpreting a settlement agreement. What Defendants fail to recognize from that case, however, is that if what was "understood to be the terms of the agreement were not the actual terms, then there was no meeting of the minds of the parties and, thus, no enforceable agreement." *Id.* at 773. Plaintiffs made it clear throughout this litigation that a Settlement Agreement judicially enforceable by this Court would be a necessary and essential component. That is the very reason why ¶¶ 86, 88, and 91 are in the Agreement. "We must avoid an interpretation of an agreement that renders one of its provisions superfluous. *See In re United Merchants & Mfrs., Inc.,* 623 F.2d 804, 807 (2d Cir.1980) (*per curiam*); *see*

*also* Restatement (Second) of Contracts § 203(a)." *U.S. v. International Brother. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 970 F.2d 1132, at 1136 (2d Cir. 1992). If the Defendants believe that this Court need not retain jurisdiction, as the Parties agreed, there is no meeting of the minds and, hence, there is no Agreement.

Moreover, ¶ 25 of the Agreement states that "[n]othing in this Settlement Agreement shall be construed as a waiver by Plaintiffs of any of their rights including, without limitation, their rights under RFRA, the First Amendment, and principles of equal protection." Doc. 51-2. The Religious Freedom Restoration Act clearly provides that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1.

Plaintiffs always insisted that they not be subject to the determinations of the DEA with respect to their rights under RFRA. As early as Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs were very clear that the DEA has no legal authority to assess the *bona fides* of religious exercise. Doc. 24, at 23.

Retention of jurisdiction by this Court means that Plaintiffs are not subject to the dictates of a federal agency and that they do not have to file a new Complaint to have the Court resolve questions of breach. Furthermore, a breach of the Agreement by Defendants may result from circumstances that do not necessarily involve a violation of RFRA. For example, ¶ 71 of the Settlement Agreement (Doc. 51-2) provides that "DEA agrees to enforce only the specific physical security measures described in 21 C.F.R. § 1301.72(a) and (d) as set forth in this Agreement." Should DEA impose additional requirements, such imposition would constitute a breach of the Agreement but may not rise to a violation of RFRA. Therefore, it may not be appropriate to file a Complaint under RFRA for such breach, but it would be entirely appropriate for Plaintiffs to invoke the ADR provisions of the Agreement to resolve such a dispute (Doc. 51-2, Part IX) and, if the breach were not resolved through that means, to seek redress in this Court pursuant to ¶¶ 86 and 91.

Plaintiffs have included ADR provisions in the Settlement Agreement so as not to

trouble the Court repeatedly with issues that may arise under the Agreement. Plaintiffs are not asking this Court to "rewrite" the Agreement, as Defendants boldly assert. Plaintiffs merely request what the Agreement clearly states are their rights. "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay v. Mendoza*, 573 F. 2d 1075, 1078 (9th Cir. 1978).

## II. THE PREDICATE FOR DISMISSAL HAS NOT BEEN SATISFIED

Defendants maintain repeatedly that Plaintiffs must dismiss this case. Doc. 73, at 4, 7, 13. Plaintiffs have no intention of doing so until the predicates for dismissal are satisfied. The Settlement Agreement must be given judicial sanction to give effect to the three clauses providing for retention of jurisdiction.

Secondly, the explicit requirement for dismissal must be satisfied before Plaintiffs will file a dismissal. That predicate is clearly stated in both the Settlement Agreement and in a subsequent Order of this Court. Plaintiffs will not dismiss this case until "*the receipt of the payment* described in Paragraph 88" (Settlement Agreement, Doc. 51-2, ¶ 94, emphasis added). The same predicate for dismissal appears in this Court's Order of April 17, 2024. Doc. 50 ("in accordance with the parties' settlement agreement, Plaintiffs shall move to dismiss this case with prejudice within fifteen (15) days of *the receipt of any payment of attorneys' fees*") (emphasis added).

## III. CONCLUSION

Once this Court rules on this Motion, Plaintiffs would request a status conference to ascertain how the Parties should proceed going forward. Plaintiffs want nothing more than that to which they agreed.

Respectfully submitted this 16th day of September, 2024.

s/ Jack Silver
Jack Silver, *pro hac vice*
Cal. Bar No. 160575
Law Office of Jack Silver
708 Gravenstein Hwy No. # 407

Sebastopol, CA 95472-2808
JsilverEnvironmental@gmail.com
Tel: (707) 528-8175
Fax: (707) 829-0934

*s/ Gilbert Paul Carrasco with permission*
Gilbert Paul Carrasco, *pro hac vice*
Cal. Bar No. 90838
D.C. Bar No. 334722
900 Pacific Coast Highway, Suite 305
Huntington Beach, CA 92648-4863
(503) 990-4879
carrasco@willamette.edu

*s/ Sean T. McAllister with permission*
Sean T. McAllister, Esq., *pro hac vice*
Colo. Bar No. 31350
Cal. Bar No. 310962
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
sean@mcallisterlawoffice.com
Tel: 720-448-6235

*s/ Martha J. Hartney with permission*
Martha J. Hartney, Esq., *pro hac vice*
Colo. Bar No. 42017
Hartney Law, LLC
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
martha@hartneylaw.com
Tel: (303) 747-3909
Fax: (303) 835-7199

*s/ Ismail Lourido Ali with permission*
Ismail Lourido Ali, Esq., *pro hac vice*
Cal. Bar No. 312660
2134 10th Avenue, A
Oakland, CA 94606
Tel. (559) 801-7317
Lourido.ali@gmail.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

GISELLE BARCIA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-1865
Fax: (202) 514-8640
E-mail: giselle.barcia@usdoj.gov

*s/ Jack Silver*
Jack Silver, *pro hac vice*
Law Office of Jack Silver