**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Church of the Eagle and the Condor, et al., | No. CV-22-01004-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| James McHenry, et al., | |
| Defendants. | |

The Court now considers Plaintiffs' Motion to Incorporate Settlement Agreement In Order and for Retention of Jurisdiction ("Motion"). (Doc. 70, ("Mot.").) The Court will deny the Motion.

**I.    BACKGROUND**

This case arises out of Plaintiffs' importation and use of ayahuasca for religious purposes. (*See generally* Doc. 1, Compl.)

On April 17, 2024, the parties filed a Notice of Settlement, which specified that the parties would have 60 days to negotiate attorneys' fees and costs, and that the issue would be submitted to the Court if the parties were unable to come to an agreement. (Doc. 49 at 1.) After 60 days, Plaintiffs filed a Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses ("Motion for Attorneys' Fees"), requesting an award of fees and costs in the amount of $2,149,496.30. (Doc. 51 at 1, 16.)

On July 30, 2024, the Court denied the Motion for Attorneys' Fees,

explaining that "[b]ecause the Court never 'placed its stamp of approval' on the settlement agreement before Plaintiffs filed their Motion [for Attorneys' Fees], the settlement agreement lack[ed] the requisite judicial imprimatur to confer prevailing party status on Plaintiffs." (*See* Doc. 69, 7/30/2024 Order at 4 (first quoting *Citizens For Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1131–32 (9th Cir. 2009); and then citing *Carbonell v. I.N.S.*, 429 F.3d 894, 901 (9th Cir. 2005)).)

Plaintiffs filed the instant Motion on August 12, 2024, requesting that the Court incorporate the parties' settlement agreement into an order and retain ancillary jurisdiction to enforce the settlement agreement. (*See* Mot. at 6.) Defendants filed their Memorandum in Opposition ("Response") on September 9, 2024, to which Plaintiffs timely replied. (*See* Doc. 73, ("Resp."); Doc. 74, Reply.)

## II.     LEGAL STANDARD & ANALYSIS

Under the doctrine of ancillary jurisdiction, "a federal court *may exercise* ancillary jurisdiction over collateral proceedings . . . to enforce a settlement agreement." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 965 (9th Cir. 2014) (emphasis added). However, contrary to Plaintiffs' assertion, "[f]ederal courts 'have no *inherent* power to enforce settlement agreements entered into by parties litigating before them.'" *Id.* at 967 (emphasis added) (quoting *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996)); (*see* Mot. at 7.) Rather, to establish ancillary jurisdiction over a settlement agreement, a court must either incorporate the agreement into its order of dismissal or include a provision in its dismissal order "retaining jurisdiction" over the agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). In addition, "a district court [is] under no obligation to reserve such jurisdiction in the first place." *Arata*, 96 F.3d at 1269.

Plaintiffs assert that several provisions of the settlement agreement establish a shared intent by the parties for the Court to assert jurisdiction to enforce the agreement. (*See id.* at 6–8.) However, "[t]he parties have no power to confer jurisdiction on the district court by agreement or consent." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). And absent incorporation or retention

of jurisdiction, a dispute about the terms of a private settlement agreement is contractual in nature.[1] *Kokkonen*, 511 U.S. at 381; *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) ("[A] dispute arising under a settlement agreement is 'a separate contract dispute requiring its own independent basis for jurisdiction.'" (citation omitted)).

Plaintiffs' arguments about the "grounds for judicial refusal to approve a settlement" are also inapposite. (Mot. at 8–10.) First, the cited "criteria that apply to whether there should be judicial approval of a proposed Order" pertain to a district court's decision to approve or reject a proposed consent decree. (Mot. at 8 (first quoting *United States v. Lexington-Fayette Urb. Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010); and then quoting *United States v. City of Miami*, 664 F.2d 435, 440 n.13 (Former 5th Cir. Dec. 1981) (en banc) (Rubin, J., concurring).) Such "criteria" do not bear on the Court's discretion regarding the incorporation of a settlement agreement. (Mot. at 8.) Second, the out-of-court settlement at issue here is not an "equitable decree" subject to Rule 65(d) because it is not an order issued by the Court, let alone an injunction. (Mot. at 9.); *see* Fed. R. Civ. P. 65(d)(1) (detailing rules regarding to the contents of injunctions and restraining orders).

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiffs' Motion to Incorporate Settlement Agreement In Order and for Retention of Jurisdiction.

Because the parties previously agreed that Plaintiffs would dismiss this case with prejudice within 15 days of receipt of any payments for attorneys' fees (Doc. 50) and because this Court denied Plaintiffs' Motion for Attorneys' Fees on July 30, 2024, the Court will dismiss this case with prejudice.

**IT IS ORDERED** denying Plaintiffs' Motion to Incorporate Settlement Agreement In Order and for Retention of Jurisdiction (Doc. 70).

. . .

. . .

---

[1] Plaintiffs' arguments about the "Court's oversight and jurisdiction" constituting "essential terms" of the agreement "without which the Parties have no settlement" are unpersuasive for these same reasons. (Mot. at 10–11.)

**IT IS FURTHER ORDERED** dismissing this case with prejudice.

Dated this 24th day of January, 2025.

_____
Susan R. Bolton
United States District Judge